[L. A. No. 11787. In Bank.—February 24, 1930.]

MICHAEL HARRIS, Petitioner, v. MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

Mitchell, Silberberg & Davis, A. G. Divet, O'Melveny, Tuller & Myers, Walter K. Tuller, Homer I. Mitchell and Louis W. Myers for Petitioner.

Everett W. Mattoon, County Counsel, S. V. O. Prichard, Deputy County Counsel, Lloyd S. Nix, City Prosecutor, and Ray P. Brockman, Deputy City Prosecutor, for Respondents.

THE COURT.—This is an application for an appropriate peremptory writ to terminate the prosecution of a misdemeanor charge against the petitioner in the Municipal Court of the City of Los Angeles. The application is made upon due notice after the issuance of an order to show cause. In response to the order the respondents filed a general demurrer to the petition and an answer. The demurrer will first be passed upon.

It appears from the verified petition that at all times involved in this proceeding the city prosecutor of the city of Los Angeles was charged with the duty of prosecuting, in the name of the people of the state of California, misde-

meanors committed in the city of Los Angeles; that early in 1927 the Julian Petroleum Corporation collapsed and receivers were appointed therefor by the United States District Court; that the receivers found that the corporation was heavily indebted and was in immediate need of a large amount of cash to meet its obligations and to carry on its business, but that it was unable to raise the amount needed except by recovering from various individuals large sums of money which were alleged to have been theretofore paid to said persons by said corporation in excess of the rate of interest permitted by the laws of the state; that the receivers in August, 1927, commenced several civil actions to recover usurious interest; that in addition thereto there were 143 known transactions with the corporation, by a like number of individuals, alleged to be usurious; that the then city prosecutor came into possession of a full and complete report of said transactions, which report included the names of the 143 individuals claimed to have made loans to said corporation, for which they had been paid large sums of money as interest in excess of the lawful rate; that in order to assist the receivers in recovering the alleged usurious payments of interest the then city prosecutor, during the months of August, September and October, 1927, caused an investigator in his office and under his control to swear to, and caused one of his deputies to file, in the respondent court, 143 complaints charging in each case the crime of usury, a misdemeanor; that when these complaints were filed said city prosecutor caused a statement to be published that in every instance where restitution of the usurious interest should be made to the receivers the criminal complaint would be dismissed; that in each instance the complaint named the defendants as "John Doe (whose true name is to affiant unknown)," or by other fictitious name; that in no instance had the complaint described the person or set forth any means of identifying the person so charged except as "John Doe," or by other fictitious name; that in the report submitted to him the city prosecutor was given the information that the petitioner herein was claimed to have loaned to said corporation $45,000 in one, and $46,550 in another, transaction in April, 1927, and had thereupon obtained a usurious return as interest; that on October 5, 1927, when the complaint on which the prosecution of the petition is founded

was prepared and filed, the then city prosecutor and his said subordinates well knew, and the files of the city prosecutor's office contained, the name of the petitioner and the fact that the petitioner had been a party to the alleged usurious transactions in April, 1927, and well knew that the allegations of the complaint that the true name of the defendant was unknown were untrue; that notwithstanding these facts the city prosecutor's office, knowingly and wilfully and with the intent to carry out the scheme to compel restitution, caused the defendant in said complaint to be designated as John Doe; that on October 5, 1927, prior thereto and to the present time, the petitioner had been and is a resident of the city of Los Angeles; that his true name is Michael Harris; that he had never been known by any other name, and that his name and address had been listed in the Los Angeles city directory and in the city telephone directory since 1924; that he has been engaged in business continuously in said city since 1923, and has not been absent from the city except on business or pleasure for infrequent periods not exceeding thirty days.

It is further alleged that upon the filing of each of said complaints on October 5, 1927, the respondent court issued a warrant commanding any officer within the county of Los Angeles "forthwith to arrest the above named defendant John Doe and bring him before the judge" of said court; that when said warrants were issued they were delivered by the respondent court to the city prosecutor's office and that the city prosecutor caused the same to remain in his office without being served; that the warrant issued pursuant to the complaint on which the petitioner is being prosecuted remained in the office of the city prosecutor until May 1, 1929, on which day it was placed in the hands of a peace officer for service and on said day was served on petitioner; that between October 5, 1927, and May 1, 1929, no effort was made by the city prosecutor or by any other person to serve said warrant on the petitioner or to bring said criminal action on for trial and that until his arrest the petitioner had no knowledge that he was accused as a defendant or charged with an offense in said action or of the pendency of said proceeding; that upon his arrest he was taken before said court, released on bail and the matter of his plea was continued to June 7, 1929; that prior to the last-mentioned

date the petitioner,. through his counsel, filed a written motion to quash the service of said warrant and to dismiss said complaint on the grounds, among others, that the court had no jurisdiction to hold the petitioner for trial; that the proceeding in the name of John Doe was a subterfuge and in fraud of the petitioner's rights to be timely and openly informed of the charge against him while the pertinent evidence, oral and otherwise, was available, and was conducted with the intent to deprive him of the right to a speedy trial, guaranteed to him under the state and federal Constitutions. The motion was supported by affidavits of the petitioner and of a former deputy city prosecutor, which set forth substantially the facts alleged in the petition herein. Upon the hearing of the motion no showing was made by affidavit or otherwise in opposition to the affidavits submitted by the petitioner. The motion was denied and the defendant was called upon to plead. He stood mute, a plea of not guilty was entered for him, the cause was set for trial on July 5, 1929, and was thereafter continued to October 14, 1929. The present proceeding was commenced on August 30, 1929.

Two main contentions are presented. First, if the respondent court had jurisdiction of the person and subject matter of·the action the prosecution was unreasonably delayed in violation of the petitioner's constitutional right to a speedy trial, and a writ of *mandamus* should issue to compel its dismissal; and, second, that the court had no jurisdiction to try the defendant in view of the form of the "John Doe" complaint and warrant issued under the particular facts and circumstances here shown.

 Section 13 of article I of the Constitution of California provides in part as follows: "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial." This provision of the Constitution is self-executing. (*In re Alpine*, 203 Cal. 731 [58 A. L. R. 1500, 265 Pac. 828]; *In re Begerow*, 133 Cal. 349 [85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828].) It reflects the letter and spirit of the following provision of the federal Constitution to the same effect: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. . . . " (U. S. Const., art. VI, sec. 1.) This is a fundamental right granted to the accused and

has been the policy of the law since the time of the promulgation of Magna Charta and the Habeas Corpus Act. (*In re Begerow, supra.*) The policy of the law in this respect has been further declared by the legislature and by constitutional amendment in this state. In 1872 section 1382 of the Penal Code was enacted wherein, and in subdivision 2, it was provided as to criminal cases originating in the Superior Court: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information." This provision of the Penal Code, founded on sections 593 and 594 of the Criminal Practice Act (Stats. 1851, p. 278), has not been changed during the intervening years. In 1927 the legislature of this state adopted section 681a of the Penal Code, declaring: "The welfare of the people of the state of California requires that all proceedings in criminal cases shall be heard and determined at the earliest possible time. It shall be the duty of all courts and judicial officers and of all district attorneys to expedite the hearing and determination of all such cases and proceedings to the greatest degree that is consistent with the ends of justice." At the general election in 1928 article VI of the Constitution was amended (sec. 4c) so as to cut down the time for the finality of judgments on appeal in criminal cases. It will thus be seen that the time within which criminal cases should be disposed of has been and is a matter of great public concern, and the duty is imposed upon courts, judicial officers and public prosecutors, to expedite the disposition thereof.

What is a "speedy trial," as those words are used in the Constitution? The legislature in section 1382 of the Penal Code has declared that unless a defendant in a felony case has been brought to trial within sixty days after the finding of the indictment or the filing of the information, the court must, in the absence of good cause shown for the delay, dismiss the prosecution. Thus the legislature by necessary inference has said that a trial delayed more than sixty days without good cause is not a speedy trial, and the courts have not hesitated to adopt and enforce the legislative interpretation of the constitutional provision. Nor

have the courts hesitated, by writ of *mandamus* or on appeal, to compel the dismissal of felony cases not speedily brought to trial in accordance with the legislative interpretation. (*Fort* v. *Superior Court,* 17 Cal. App. 1 [118 Pac. 96]; *Abbott* v. *Superior Court,* 17 Cal. App. 13 [118 Pac. 100]; *People* v. *Morino,* 85 Cal. 515 [24 Pac. 892].) Furthermore, said section 1382 has been applied and enforced by writ of *mandamus* in the case of a misdemeanor charge in the Superior Court. (*Cordts* v. *Superior Court,* 53 Cal. App. 589 [200 Pac. 726].) We have been referred to no statute or case, and we have found none in this state compelling the dismissal of a misdemeanor charge in a court inferior in jurisdiction to the Superior Court, but no reason appears to justify a refusal to enforce the self-executing provision of the Constitution in such a case. The Constitution says that in criminal proceedings, *in any court whatever,* the party accused shall have the right to a speedy trial. The respondent court is a court of record provided for in the Constitution. (Const., art. VI, sec. 1.)

Commenting on section 13 of article I of the Constitution and section 1382 of the Penal Code, this court, in *People* v. *Morino, supra,* at page 517, said: "A party charged with crime has the constitutional right to a speedy trial, and the court has no discretionary power to deny him a right so important. . . . The statute is imperative. 'The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed.' Here no cause for delay was shown. It was enough for the defendant to show that the time fixed by the statute, after information filed had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it." ▉ The complaint pending in the respondent court charged a crime (Pen. Code, sec. 16), and the Constitution strikes at an unreasonable delay in all criminal cases. The prosecution involved herein was commenced by the filing of the complaint on October 5, 1927. Nothing was done thereafter until the service of the warrant on May 1, 1929, eighteen months after the commencement of the action. It would be most unreasonable to hold that a delay of eighteen months in the trial of the action was not in violation of the constitutional

right to a speedy trial when, as here, it is admitted that the petitioner was at all times available for the service of process and that the delay was not at all traceable to him. The only reason for the delay found in the petition herein is that the prosecution was commenced for the purpose of coercing the payment of a money claim from the person so sought to be prosecuted, and the cause was not brought to trial in order to effect that purpose. Such a course of action was an abuse and perversion of the criminal process, was wholly unjustifiable and constituted no excuse for the delay.

The petitioner has alleged a full and complete cause of action entitling him to a writ of *mandamus* to compel the dismissal of said action and the demurrer thereto is not well taken. Next to be considered is whether the answer in itself constitutes a valid defense or raises issues of fact requiring a reference.

The answer consists solely of an allegation that the respondents "have no information or belief upon the subject sufficient to enable them to answer the allegations" of paragraphs III, IV and VI of the petition, and placing their denial on that ground, deny generally and specifically the allegations of those paragraphs. Said paragraphs contain the allegations that the former city prosecutor had in his possession a full and complete report of the 143 alleged usurious transactions and knew or possessed the means of ascertaining the names and whereabouts of the persons charged as John Doe; that said complaints charging usury, a misdemeanor, were filed for the purpose of assisting the receivers in collecting the alleged money claims and of coercing payment thereof, and that with full knowledge of each of the transactions involving the petitioner herein and of his true name the city prosecutor's office caused the complaint to be filed, charging him under such fictitious name. It is admitted that the prosecution was commenced on October 5, 1927; that the whereabouts of the petitioner within the jurisdiction of the court were easily ascertainable; that the warrant of arrest was intentionally withheld from service by the prosecuting officer for eighteen months; that the cause was not set down for trial until July 5, 1929, and that no excuse for the delay was tendered or pretended before the respondent court on the motion to dismiss. The issues of fact sought to be raised by the answer, if resolved

against the petitioner, would not change the result of the present proceeding and, if resolved against the respondents, would only serve to aggravate the situation in the petitioner's favor. In either event the unreasonable delay in the prosecution is incontrovertibly established and the answer does not state a defense.

The respondents contend that during the period of the delay the petitioner was not incarcerated and has shown no prejudice to himself by reason of the lapse of the twenty months before the case was set for trial. But incarceration is not essential to the operation of the constitutional guaranty. (*State* v. *Keefe*, 17 Wyo. 227 [17 Ann. Cas. 161, 22 L. R. A. (N. S.) 896, 98 Pac. 122].) The guaranty operates on behalf of the "party accused," and if the petitioner was accused at all he was accused by the filing of the complaint on October 5, 1927. Furthermore, it is not necessary that the party accused affirmatively show prejudice. Prejudice will be presumed from the violation of this constitutional right. It is enough for the defendant to show that the prosecution has been unreasonably delayed. It will not be presumed that good cause for the delay in fact existed. If there was any good cause it was for the prosecution to show it. (*People* v. *Morino, supra; In re Begerow, supra.*) If good cause be shown, the defendant is not entitled to relief. (*In re Gore,* 64 Cal. App. 418 [221 Pac. 689].) Here no good or any cause has been shown either in the respondent court or in this court, other than the whim of the prosecution. The facts in the case of *United States* v. *Kojima,* 3 Hawaii (Fed.), 38, are strikingly similar to those in the present case. It was there held that the commencement of the reasonable time within which a defendant must be tried is not postponed until the time of his arrest when, as here, he was at all times available for the service of process. In the case of *Arrowsmith* v. *State,* 131 Tenn. 480 [L. R. A. 1915E, 363, 175 S. W. 545], the holding in the earlier case of *State* v. *Sims,* 1 Overt. (Tenn.) 253, that a speedy trial guaranteed to the accused means a trial as soon "after indictment" as the prosecution can with reasonable diligence prepare for it was approved. In *United States* v. *Fox,* 3 Mont. 512, the court said: "A speedy trial, to which a person charged with crime is entitled under the constitution then is, a trial at such time after finding the indictment.

. . . " This is also the test prescribed by section 1382 of the Penal Code. As opposed to this rule the respondents cite *Hammond* v. *State,* 39 Neb. 252 [58 N. W. 92], and *State* v. *Williams,* 35 S. C. 160 [14 S. E. 309]. Neither case is in point. The Nebraska case involved the application of two sections of the Code of Criminal Procedure of that state. The first section prescribed the time for trial when the defendant was incarcerated. The second, when the defendant was on bail. It was held that the first section was inapplicable because it was not shown that the defendant was confined in jail during the delay, and as to the second section that the trial was had within the time therein prescribed. In the South Carolina case it was held that the particular statute there involved, patterned after the seventh section of the Habeas Corpus Act, was available in terms only to one in actual custody. We have no similar statute in this state and our constitutional provision strikes at the accusation as well as the custody of the defendant.

What has been said renders it unnecessary to pass upon the other question, viz., whether the facts stated by the petitioner entitle him to a writ of prohibition. Under the admitted facts there was no justifiable reason for the respondent court to refuse to dismiss the action against the petitioner. An abuse of discretion was thereby committed to correct which, under the authorities in this state above cited, the writ of *mandamus* is available to the petitioner.

Let the peremptory writ of *mandamus* issue as prayed.