SCHAUER, J.
 

 Defendant appeals from a conviction in the municipal court of violation of subdivision 3, section 311 of the Penal Code, a misdemeanor (printing and keeping for sale indecent pictures), and among other contentions insists that he is entitled to a reversal of the judgment upon the ground that his constitutional right to a speedy trial was violated. The record upholds defendant’s contention in this regard.
 

 The complaint was filed on May 12, 1936, and trial was originally set for June 18, 1936, on which date the hearing was postponed to September 30, 1936. Whether this continuance was at the request of the prosecution, as stated in the minutes of the court, according to the certified copy thereof in the file, or upon motion of the defendant as recited in the settled statement on appeal, is immaterial, as in either event it appears from the record that such motion was made “on the ground that prosecution was pending in the Federal Court” and that “At that time the defendant, in open Court, personally waived the statutory time for trial and any objection to the delay”. On September 30th, when the cause was called for trial defendant answered ready, but the trial court, upon motion of the city attorney and over defendant’s objection to any further delay whatsoever, ordered a continuance to November 17, 1936. On that date when the case was called for trial defendant moved to dismiss the complaint because the trial had been postponed more than 30
 
 *Supp. 764
 
 days (subsequent to September 30th) over his objection, and such motion having been denied and the defendant having been adjudged guilty after a trial by the court, lie moved to arrest judgment upon the ground “that the defendant was not brought to a speedy trial and that the cause was continued beyond the thirty-day statutory time over the objection of the defendant, in violation of his constitutional rights to a speedy trial”, which motion was also denied. While the point involved does not furnish a ground for arrest of judgment (see sec. 1452, Pen. Code), it is properly raised by defendant’s above-mentioned objection and motion to dismiss.
 

 Section 13, article I of the Constitution of California provides that “In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy . . . trial” and section 1382 of the Penal Code directs that “The Court, unless good cause to the contrary is shown, must order the prosecution to be dismissed . . .
 

 “3. If a defendant in a misdemeanor case in a justice’s court, whose trial has not been postponed upon his application, is not brought to trial within thirty days after the defendant is arrested and brought within the jurisdiction of the court.’’
 

 It will be noted that the constitutional provision above quoted is by its terms applicable to criminal prosecutions “in any court whatever” while subdivision 3 of section 1382 of the Penal Code (subdivisions 1 and 2 are not quoted because they relate exclusively to prosecutions over which the municipal court does not have trial jurisdiction) is limited in application to “a misdemeanor ease in a justice’s court”. Our attention has been directed to no provision of law which would make said section 1382 effective upon misdemeanor proceedings in municipal courts. Section 1461a of the Penal Code provides specifically that “The procedure to be followed in misdemeanor cases filed in municipal courts, over which such courts have jurisdiction, shall be the same as that provided for in this chapter (Chap. 1, Tit. 11, Pt. 2, Pen. Code) for proceedings in justices’ and police courts, as specifically provided in sections number 1426 to number 1460, inclusive (except secs. 1431 and 1432), in so far as the same may be applicable to such municipal courts”. Section 1382, Penal Code (a part of chap. 8, tit. 10, pt. 2) is obviously not in-
 
 *Supp. 765
 
 eluded by the reference of said section 1461a and in conformity to the principle
 
 expressio unius est exclusio alterius
 
 must be deemed inapplicable to proceedings in municipal courts. Defendant therefore must rely solely upon the constitutional provision hereinabove quoted.
 

 In the ease of
 
 Harris
 
 v.
 
 Municipal Court,
 
 (1930) 209 Cal. 55, at page 62 [285 Pac. 699], the Supreme Court said: “We have been referred to no statute or case, and we have found none in this state compelling the dismissal of a misdemeanor charge in a court inferior in jurisdiction to the Superior Court” (subd. 3' was added to see. 1382, Pen. Code, in 1931, Stats. 1931, p. 2479), “but no reason appears to justify a refusal to enforce the self-executing provision of the Constitution in such a case. The Constitution says that in criminal proceedings,
 
 in any court whatever,
 
 the party accused shall have the right to a speedy trial.” Section 681a of the Penal Code, which is applicable to criminal proceedings in all courts, declares: “The welfare of the people of the state of California requires that all proceedings in criminal cases shall be heard and determined at the earliest possible time. It shall be the duty of all courts and judicial officers ... to expedite the hearing and determination of all such cases and proceedings to the greatest degree that is consistent with the ends of ■ justice. ’ ’ Section 1382 of the Penal Code is designed to aid in carrying out the mandate of the Constitution by defining maximum periods beyond which (in the absence of proper excuse) a trial is not speedy but in ultimate analysis the right is that declared by the Constitution. If the ease comes within the statute (see. 1382, Pen. Code) then clearly the court is bound, upon application of the defendant, to dismiss the proceeding “unless good cause to the contrary is shown” but so also is the court equally bound to dismiss the proceeding upon demand of the defendant if he has in fact without reasonable ground been denied a speedy trial irrespective of whether the case does or does not come within the somewhat mechanical operation of said section 1382.
 

 While the record before us shows that the defendant expressly consented to (and perhaps requested) the first trial continuance (June 18, 1936, to September 30, 1936) it also shows that he did not consent to any other postponement and that the second continuance (September 30, 1936, to
 
 *Supp. 766
 
 November 17, 1936) was made over Ms objection. It borders upon supererogation to remark that a defendant merely by consent to or request for one postponement does not thereby agree to or ask for another; likewise his waiver of his constitutional right to a speedy trial for a pefiod of 14 weeks does not amount to a similar waiver covering an additional period of nearly 7 weeks. It appears in the record that the only basis for the second continuance (September 30, 1936, to November 17, 1936) was the 1 ‘representation of the City Attorney that the case pending in the Federal Court, on which the defendant based his application for a continuance on June 18, 1936, had not yet been tried, and that the prosecution did not want to interfere with the further investigation being made in that case”. Such representation of the city attorney, even if it had been competent as evidence, would have afforded no reasonable or legal ground for postponing the trial. The defendant’s rights under the Constitution of the state of California to a speedy trial in a court existing by virtue of that Constitution, where such defendant is at all times within the jurisdiction of such state court and available to its process, are neither abrogated nor suspended by the mere pendency in a federal court of another action to which the defendant is a party. The fact that defendant on June 18, 1936, may have given the pendency of such federal prosecution as a reason (good or bad) for then desiring a postponement is wholly immaterial to the application of the prosecutor on September 30th, as is also the “want” of that officer with respect to the “further investigation being made” and which investigation was not shown to be in anywise dependent upon or likely to be affected by the granting or denying of the proposed postponement.
 

 A “speedy trial”, it has been held, “means a trial as soon ‘after indictment’ as the prosecution can with reasonable diligence prepare for it”.
 
 (Harris
 
 v.
 
 Municipal Court,
 
 (1930)
 
 supra,
 
 209 Cal. 55, 64 [285 Pac. 699], citing
 
 Arrowsmith
 
 v.
 
 State,
 
 131 Tenn. 480 [L. R. A. 1915E, 363, 175 S. W. 545] and
 
 State
 
 v.
 
 Sims,
 
 1 Overt. (Tenn.) 253.) The record before us contains no hint that the prosecution was not fully prepared for the trial of the defendant as early as June 18, 1936; indeed the reasonable inference from the entire record is that the prosecution had available at all times subsequent to defendant’s arrest on May 9, 1936, all the
 
 *Supp. 767
 
 evidence which was introduced against him and that he could ha,ve been tried as conveniently on September 30th as he was on November 17th. Regarding the second continuance of the trial, granted over defendant’s objection, it may well be said by us in this case, as was said by the Supreme Court in
 
 Harris
 
 v.
 
 Municipal Court,
 
 (1930)
 
 supra,
 
 209 Cal. 55, at page 64, “Here no good or any cause has been shown either in the respondent court or in this court, other than the whim of the prosecution”. In short the record affirmatively establishes that the trial was arbitrarily postponed 48 days over defendant’s objection. This was an unnecessary and unreasonable denial of a right granted by a self-executing constitutional provision (sec. 13, art. I, Const.). The circumstances are factually dissimilar to those existing in
 
 People
 
 v.
 
 Grace,
 
 (1928) 88 Cal. App. 222 [263 Pac. 306], wherein the court was ready to start the trial on June 3, 1927, which date was within the statutory period, but continued it to the first court day thereafter, June 6, 1927, which was beyond that period, because it had not sooner disposed of defendant’s motion to dismiss which was made on June 3d. The facts of the case at bar are more similar to those related in
 
 Harris
 
 v.
 
 Municipal Court, supra,
 
 (1930) 209 Cal. 55, wherein the Supreme Court, at page 64, declared: “ ... it is not necessary that the party accused affirmatively show prejudice. Prejudice will be presumed from the violation of this constitutional right. It is enough for the defendant to show that the prosecution has been unreasonably delayed. It will not be presumed that good cause for the delay in fact existed. If there was any good cause it was for the prosecution to show it. ’ ’
 

 The judgment is reversed and the cause remanded to the municipal court of the city of Los Angeles, with directions to dismiss the complaint.
 

 Shaw, P. J., concurred.