[Civ. No. 11496. First Appellate District, Division Two.—August 13, 1940.]

RAY THOMAS RICE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Millard Smith for Petitioner.

No appearance for Respondents.

SPENCE, J.—Petitioner seeks a writ of mandate to compel the respondent court to dismiss an information against petitioner upon the ground that petitioner has not been brought to trial thereunder within sixty days after the filing of said information. (Pen. Code, sec. 1382, subd. 2.) Upon the filing of the petition herein, an alternative writ was issued and was served upon respondents. Said alternative writ was made returnable on August 12, 1940, but respondents have made no appearance in response thereto.

It appears from the petition on file herein that the information was filed on May 13, 1940, and that the trial of petitioner was continued on several occasions over the repeated objection of petitioner and in spite of his repeated demands that the cause proceed to trial. It further appears that on July 17, 1940, petitioner duly moved the respondent court for an order dismissing the information, which motion was denied.

Upon the showing made, we are of the opinion that petitioner has made out a clear case for the issuance of the writ. A defendant in a criminal action is entitled to a speedy trial (Const., art. I, sec. 13; see, also, Pen. Code, secs. 681a, 686 and 1050), and unless good cause to the contrary is shown, the information must be dismissed if such defendant is not brought to trial within sixty days after the filing of the information. (Pen. Code, sec. 1382, subd. 2.) No "good cause

to the contrary'' has been shown here. It is indicated in the petition that respondents were of the view that the last-mentioned section did not apply as the defendant had been released on bail, but it is settled that said section is applicable to all defendants, whether in custody or on bail. (*Matter of Ford,* 160 Cal. 334 [116 Pac. 757, Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882]; *Ford* v. *Superior Court,* 17 Cal. App. 1 [118 Pac. 96].) ▉ It is further indicated in the petition that the prosecution showed in the trial court that a material witness could not be located. It appears, however, that the only showing made in this connection was made through the testimony of a police officer on June 19, 1940, the first day set for the trial. It was then shown that the officer had endeavored to subpoena the witness but that said witness had left his former address without leaving a forwarding address and had left his former employer without leaving any information concerning his whereabouts. The officer further testified that he believed the witness could be located and that he had a bench warrant for the witness on a ''check charge''. This was the entire showing made at that time and it does not appear that any further showing was made on the subsequent dates to which the trial was continued. Such showing falls far short of the showing required to warrant a continuance beyond the sixty-day period over the objections of the defendant. (*Ford* v. *Superior Court, supra.*)

Let a peremptory writ of mandate issue as prayed.

Nourse, P. J., and Sturtevant, J., concurred.