[Crim. No. 4480. In Bank. Aug. 3, 1943.]

THE PEOPLE, Respondent, v. JOHN S. GODLEWSKI
et al., Appellants.

Morris Lavine for Appellants.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

CARTER, J.—Appellants, Godlewski and Taranski, appeal from a judgment of conviction of burglary and grand theft, felonies, committed in Los Angeles County.

On April 2, 1941, a complaint was filed in a justice's court in Los Angeles County charging appellants with the offenses involved upon this appeal. On the same day warrants for their arrest were issued. On April 17, 1941, both appellants were sentenced to a state prison for an offense, not here involved, and commenced to serve their terms. On August 15, 1941, a peace officer in Los Angeles County filed an order with the warden of the prison to "hold" appellant, Godlewski. On November 3, 1941, appellant Godlewski, in accordance with section 1381 of the Penal Code, demanded of the District Attorney of Los Angeles County a hearing and trial on the complaint filed against him on April 2, 1941. On February 16, 1942, more than ninety days after the demand, and no hearing having been had, appellant moved the justice of the peace under said section 1381 to dismiss the charges made against him in the last-mentioned complaint. The motion was granted on February 18, 1942. Thereafter, apparently, a new complaint was filed against both defendants containing the same charges as set forth in the first complaint. The transcript of the justice's court docket where the dismissal was granted contains no mention of a preliminary hearing or order holding the defendants to answer, but a preliminary hearing was had before another justice of the peace on the new complaint, and an order was made holding the defendants to answer. Thereafter, on April 21, 1942, the District Attorney of Los Angeles County filed in the superior court of that county, an information charging both defendants with the offenses set forth in the order holding them to answer, which were the same offenses as those set forth in the first complaint. A motion to dismiss the information was denied and the trial followed resulting in the above-mentioned convictions.

Appellant Godlewski urges that the dismissal by the justice of the peace of the first complaint barred the later prosecution for the same offense resulting in his conviction, and, if it did not, his constitutional right to a speedy trial was impaired because the time within which he is entitled to a trial may not be indefinitely extended by successive new prosecutions for the same offense where prior proceedings have been dismissed for failure to prosecute.

Section 1381 of the Penal Code provides that: ''Whenever a defendant has been convicted, in any court of this State, of the commission of a felony or indictable misdemeanor and has been sentenced to and has entered upon a term of imprisonment in a State prison and at the time of the entry upon such term of imprisonment there is pending, in any court of this State, any other indictment, information, or complaint charging the defendant with the commission of any crime it is hereby made mandatory upon the district attorney of the county in which such charge is pending to bring the same to trial within ninety days after such defendant shall have delivered to said district attorney written notice of the place of his imprisonment and his desire to be brought to trial upon said charge unless a continuance beyond said ninety days is requested or consented to by the defendant, in open court, and such request or consent entered upon the minutes of the court in which event the ninety day period herein provided for shall commence to run anew from the date to which such consent or request continued the trial.

''In the event such action is not brought to trial within the ninety days as herein provided the court in which such charge is pending must, on motion or suggestion of the district attorney, or of the defendant or his counsel, or of the State Board of Prison Directors, or on its own motion, dismiss such charge.

''If a charge is filed against a person during the time such person is serving a sentence in any State prison of this State it is hereby made mandatory upon the district attorney of the county in which such charge is filed to bring the same to trial within ninety days after said person shall have delivered to said district attorney written notice of the place of his imprisonment and his desire to be brought to trial upon said charge, unless a continuance is requested or consented to by the defendant, in open court, and such request or consent entered upon the minutes of the court, in which event

the ninety day period herein provided for shall commence to run anew from the date to which such request or consent continued the trial.

"In the event such action is not brought to trial within the ninety days as herein provided the court in which such action is pending must, on motion or suggestion of the district attorney, or of the defendant or his counsel, or of the State Board of Prison Directors, or on its own motion, dismiss the charge." The Constitution provides that in a criminal action defendant is entitled to a "speedy and public trial" (Cal. Const., art. I, sec. 13). To the same effect are sections 686 and 681a of the Penal Code. Section 1387 of the Penal Code provides that an order for a dismissal as provided for in *this chapter* is a bar to any other prosecution for the same offense if the offense is a misdemeanor, but is not a bar if the offense is a felony. That section was in the original Penal Code as adopted in 1872 in the same form as at present insofar as applicable to the instant case. It was amended in 1905 (Stats. 1905, p. 724.) It has always been in chapter 8 of title 10, part 2 of the Penal Code. The heading of that chapter in the original code reads: "Dismissal of action, before or after indictment, for want of prosecution or otherwise." The first section in chapter 8 in the original code was 1382. The last section in the preceeding chapter 7, which deals with compromising certain public offenses, is section 1379. Section 1381, *supra*, was added to the Penal Code in 1931 (Stats. 1931, p. 1060), and amended in 1933. (Stats. 1933, p. 1689). ██ Although nothing was said by the Legislature in the act of 1931, adding section 1381 concerning its being a part of chapter 8, it is quite apparent that such was the Legislature's intention, inasmuch as that chapter deals with the dismissal of actions for failure to prosecute, the same subject embraced in section 1381, and the number given to it the one next preceding the first section in that chapter (section 1382), and not the next succeeding number following the last section in chapter 7 (section 1379). Furthermore, it is to be noted that section 1382 deals generally with dismissals for failure to prosecute. Section 1381 is concerned particularly with such dismissals where the defendant is confined in a state prison for another offense. We believe it is clear therefore, that the Legislature intended that section 1381 was to be controlled by section 1387. Hence, a dismissal under section 1381, where the offense is a felony, as in the

instant case, is not a bar to any other prosecution for the same offense. The filing and prosecution of the information against appellant Godlewski was not therefore barred by the prior dismissal of the complaint for the same offenses in the justice's court.

■ Contrary to appellant Godlewski's contention, the foregoing effect given to section 1381 did not deprive him of his constitutional right to a speedy trial. (Cal. Const. art. I, sec. 13.) ■ True, that constitutional provision establishes a fundamental right and is self-executing. (*In re Alpine*, 203 Cal. 731 [265 P. 947, 58 A.L.R. 1500]; *Harris* v. *Municipal Court*, 209 Cal. 55 [285 P. 699]; *In re Begerow*, 133 Cal. 349 [65 P. 828, 85 Am.St.Rep. 178, 56 A.L.R. 513]; *People* v. *Molinari*, 23 Cal.App.2d Supp. 761 [67 P.2d 767]; *People* v. *Romero*, 13 Cal.App.2d 667 [57 P.2d 557].) The enactments of the Legislature with respect to a speedy trial and the time within which a trial must be had are supplementary to and a construction of the Constitution, and an unexcused delay beyond the time fixed in section 1382 of the Penal Code without defendant's consent entitles the defendant to a dismissal. (*People* v. *Romero, supra; People* v. *Angelopoulos*, 30 Cal.App.2d 538 [86 P.2d 873]; *People* v. *Molinari, supra; In re Alpine, supra; Harrison* v. *Municipal Court, supra; in re Begerow, supra; In re Ford*, 160 Cal. 334 [116 P. 757, Ann. Cas. 1912D 1267, 35 L.R.A.N.S. 882]; *Ford* v. *Superior Court*, 17 Cal.App. 1 [118 P. 96]; *People* v. *Walker*, 76 Cal.App. 192 [244 P. 94].) ■ What constitutes a speedy trial must be determined in the light of all the circumstances. (*People* v. *Brock*, 87 Cal.App. 601 [262 P. 369, 263 P. 544]; *In re Alpine, supra; People* v. *Molinari, supra*) The point of beginning of the time for bringing the accused to trial is the commencement of the prosecution against the accused. (*Harris* v. *Municipal Court, supra*.) ■ The basic policy underlying the constitutional provision is to protect the accused from having criminal charges pending against him an undue length of time. Even though defendant is not imprisoned on the charge, he is still entitled to a speedy trial. (*Harris* v. *Municipal Court, supra; Rice* v. *Superior Court*, 40 Cal.App.2d 391 [104 P.2d 874]; *Ford* v. *Superior Court, supra*.) ■ Under section 1381, the time commences when the defendant delivers his demand to the district attorney. When that charge has been dismissed against him as was done in the instant case because of failure to bring him to trial, the charge is no

longer pending against him. We see no reason therefore why another information may not be filed against him after such dismissal. He has had the first charge dismissed and thus his right to a speedy trial protected. The filing of a new information for the same offense commences a new period of time. From the time the complaint in the justice's court was dismissed on February 18, 1942, until another charge was made against him, no charge was pending against him. In *In re Begerow*, 136 Cal. 293 [68 P. 773, 56 L.R.A. 528], the defendant was tried five times for murder, each trial resulting in a disagreement of the jury. More than sixty days after the discharge of the last jury, the defendant was released on a writ of habeas corpus upon the ground that he was being held in violation of section .1382(2) of the Penal Code providing for a dismissal of the charge if no trial is had within sixty days after the filing of the information. (*In re Begerow*, 133 Cal. 349 [65 P. 828, 85 Am.St.Rep. 178, 56 L.R.A. 513].) A complaint was thereafter filed against him for the same charge. His application for discharge on habeas corpus on the ground that his constitutional right to a speedy trial had been invaded, was denied under section 1387 of the Penal Code. (See also *Ex parte Clarke*, 54 Cal. 412; *People* v. *Dawson*, 210 Cal. 366, 371 [292 P. 267]; *People* v. *Palassou*, 14 Cal.App. 123 [111 P. 109]; *People* v. *Grace*, 88 Cal.App. 222 [263 P. 306]; 56 L.R.A. 522; *Ex parte Warrenburg*, 63 Okla. Cr. 125 [73 P.2d 476].)

There may be circumstances justifying relief from an abuse of criminal process by the commencement of successive prosecutions, but those circumstances are not present in the instant case.

Apparently no warrant of arrest was served upon appellant Taranski although he was serving a prison term in the same prison as Godlewski. He did not make any demand upon the district attorney that he be brought to trial, hence did not comply with section 1381 of the Penal Code. Section 1382 of the Penal Code is not applicable to him inasmuch as his case does not fall within its terms. It requires that an information must be filed against the defendant within fifteen days after he has been held to answer. (Penal Code, sec. 1382(11).) As far as appears that was done. It also requires the trial must be had within sixty days after *the finding of the indictment or filing of the information*. (Penal Code, sec. 1382(2).) That section was not vio-

lated inasmuch as the complaint filed against him in the justice's court was neither an indictment nor an information. It may be that he is entitled to invoke the constitutional provision independently of any statute, (see *Harris* v. *Municipal Court, supra*), but as we have seen, he falls squarely within the provisions of section 1381, relating to the trial of defendants confined in a state prison. He made no demand as there required. We find nothing unreasonable in the requirement for a demand. It does not abrogate the constitutional guarantee. It is merely regulatory of it. Persons already incarcerated in prison will not suffer imprisonment during delay.

 Appellant Taranski contends the evidence is insufficient to sustain the judgment of conviction against him. On March 11, 1941, the State Department of Motor Vehicles had a safe in its office in Pasadena containing over $400 in cash and some checks. It was locked by an employee when she left work shortly after 5 p. m. on that day. A few minutes before midnight that night it was discovered that the rear door of the office had been broken open and the safe removed. There were marks on the office floor from dragging the safe. The safe was discovered about four miles from its original location with its door having been forceably removed. The checks it contained and its door were lying on the ground near the safe. The cash was not found. Some time later an automobile registered in appellant Godlewski's name was found in Nevada. The imprint of its tires was the same as marks found at the rear of the office which was burglarized. Godlewski was residing in an apartment in Los Angeles until a few days prior to March 11, 1941, the date of the burglary, and was frequently visited by appellant Taranski. The latter was seen in the office of the department several days prior to the time of the crime. Godlewski was seen walking along the street in the vicinity of the office the evening of the crime. The metal strip on the sill of the car door contained paint identified as the same as that on the safe. Godlewski and Taranski were together and were arrested in Fresno five days after the day of the crime. Taranski was carrying a suit case containing a pinch bar, a cold chisel, a hacksaw, a sledge hammer and flashlight. The chisel and pinch bar contained remnants of the fire clay used as insulation in the safe and marks on the safe indicated that they had been made by the chisel and pinch bar. Taranski first denied and later admitted to the officers he had lived in Los Angeles. When

asked why he denied he had been there he replied: "Well, what would you do?" At the time of their arrest both appellants were carrying pistols. Neither of the appellants testified or produced any evidence.

The evidence is sufficient to sustain the conviction of Taranski. Assuming, as argued by Taranski, that the possession by defendant of burglar tools shortly after the commission of the crime, like the possession of stolen property, standing alone is not sufficient to prove the defendant's guilt of the offense of burglary, when that factor is combined with other circumstances such as are present in the instant case, there is sufficient evidence. That is especially true where the defendant has failed to account for the possession upon a theory inconsistent with his guilt of the offense charged. (See *People* v. *Parkinson*, 138 Cal.App. 599 [33 P.2d 18]; *People* v. *Russell*, 120 Cal.App. 622 [8 P.2d 209]; *People* v. *Golembiewski*, 25 Cal.App.2d 115 [76 P.2d 717]; *People* v. *Shaw*, 46 Cal.App.2d 768 [117 P.2d 34]; *People* v. *Ellis*, 33 Cal. App.2d 616 [92 P.2d 431].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Traynor, J., and Schauer, J., concurred.

Appellants' petition for a rehearing was denied August 26, 1943.