[Civ. No. 14699. First Dist., Div. One. Aug. 23, 1951.]

ARCHER ZAMLOCH et al., Respondents, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

Thomas C. Lynch, District Attorney, and Alfred Del Carlo, Assistant District Attorney, for Appellants.

Nicholas Alaga for Respondents.

PETERS, P. J.—This appeal is taken from an order of the superior court ordering the municipal court to dismiss misdemeanor charges against Marion Cowan and Jennifer Wilson.

Cowan, on September 28, 1949, was charged by complaint with a violation of section 315 of the Penal Code, that is,

keeping a house of ill-fame, a misdemeanor. On the same date, Wilson was charged with a violation of section 220 of the Municipal Police Code, that is, with being an inmate of a house of prostitution, a misdemeanor. On December 1, 1949, Wilson was further charged with a violation of section 240 of the Municipal Police Code, that is, agreeing to commit indecent acts, a misdemeanor. Defendants pleaded not guilty.

There were a series of continuances to all of which defendants agreed up to January 16, 1950. On that date the causes came on for hearing. Defendants waived a jury trial, and the trial date was set for January 25, 1950.

On January 25, 1950, defendants appeared and answered ready for trial. The deputy district attorney requested a continuance to a date beyond February 6, 1950, on the sole ground that there was pending a felony complaint against Cowan, involving the same transaction, and the district attorney did not desire to disclose his witnesses and their testimony in the misdemeanor proceedings. That, admittedly, is not a valid legal ground for a continuance. The attorney for the defendants objected to the continuance, and demanded that the trials proceed. The district attorney refused to go to trial. Thereupon, the attorney for defendants moved to dismiss all charges. This motion was based upon the provisions of section 1382 of the Penal Code, and upon the constitutional guarantee of a prompt and speedy trial. ■ It should be here mentioned that section 1382 does not apply to proceedings in the municipal court. (*People* v. *Molinari,* 23 Cal.App.2d Supp. 761 [67 P.2d 767]; *Harris* v. *Municipal Court,* 209 Cal. 55 [285 P. 699].) The trial court then ordered the trial and the motions continued to January 27, 1950. This was done over the objections of counsel for defendants who pointed out that no legal cause for a continuance had been shown, nor had any showing been made that the ends of justice would be furthered by a continuance.

What happened on January 27, 1950, does not appear in the record. On January 28, 1950, the deputy district attorney filed points and authorities to support his contention that section 1382 of the Penal Code was not applicable to these municipal court prosecutions, and again moved for a continuance. This time he abandoned the ground urged on January 25, 1950, and now urged that the trial of the misdemeanor cases before the trial of the felony charge against Cowan would permit that defendant to plead double jeopardy or res judicata in bar of the felony prosecution. Defendants

vigorously objected to a further continuance. No other showing was made. Nevertheless, the trial court continued the trial of Wilson to February 2, 1950, and the trial of Cowan to some indefinite date to be determined after Cowan was tried on the felony charge.

Defendants immediately filed a petition for a writ of mandate to dismiss the charges. The superior court granted the writ, and this appeal resulted.

■ The superior court properly granted the writ. The defendants were entitled to a speedy trial. ■ Article I, section 13 of our state Constitution provides: "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial." This section is self-executing. (*Harris* v. *Municipal Court,* 209 Cal. 55 [285 P. 699].)

■ While section 1382 of the Penal Code is not applicable to trials in the municipal court, section 681a of that code is applicable to all courts. (*People* v. *Molinari,* 23 Cal.App.2d Supp. 761 [67 P.2d 767] ; *Harris* v. *Municipal Court,* 209 Cal. 55 [285 P. 699].) That section provides: "The welfare of the people of the state of California requires that all proceedings in criminal cases shall be heard and determined at the earliest possible time. It shall be the duty of all courts and judicial officers and of all district attorneys to expedite the hearing and determination of all such cases and proceedings to the greatest degree that is consistent with the ends of justice."

■ In addition, section 1050 of the Penal Code provides: "The court shall set all criminal cases for trial for a date not later than thirty (30) days after the date of entry of the plea of the defendant. No continuance of the trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require ·a continuance. . . . No continuance shall be granted for any longer time than it is affirmatively proved the ends of justice require. Whenever any continuance is granted, the court shall enter in its minutes the facts proved which require the continuance. . . ."

While this section is directory only, and contains no provision for a dismissal where compliance is not had with its terms (*People* v. *Marshall,* 209 Cal. 540 [289 P. 629] ; *Ray* v. *Superior Court,* 208 Cal. 357 [281 P. 391] ; *People* v. *Perea,* 96 Cal.App. 183 [273 P. 836]), it declares a policy that should not lightly be disregarded.

■ In the present case, after numerous continuances by consent, the defendants indicated that they were ready for trial. On the day set for trial, January 25, 1950, the deputy district attorney asked for a continuance on a ground that did not constitute a legal ground for such continuance. Certainly, the mere fact that a felony charge growing out of the same facts was pending against Cowan, and, if the misdemeanor charge was tried first, the prosecution would be compelled to disclose its evidence, is no legal reason for denying an accused the legal right to a speedy trial. The accused may be very bad persons indeed, but, bad as they may be, they are entitled to a speedy trial and the district attorney has no right to deny them that right simply because he would like to try one of them on a felony charge, and, if unsuccessful in securing a conviction, then try them on the misdemeanor charge. The constitutional guarantee is not to be thus frittered away at the whim, caprice, or convenience of the prosecutor. The prosecutor recognized that this was not a valid ground for a continuance, because on January 28, 1950, this ground was abandoned. ■ It was then urged that a continuance should be granted because if defendants were first tried on the misdemeanor charges Cowan might be able to plead res judicata or double jeopardy to the pending felony charge. This ground was applicable to Cowan alone and did not apply to Wilson. With no showing at all for a delay, her trial was continued to February 2, 1950. The double jeopardy or res judicata argument is unsound. Even if a trial on the pending misdemeanor charge might adversely affect the pending felony charge, that would not constitute a legal ground for continuing the misdemeanor trial. The constitutional guarantee is not to be abrogated simply because the prosecutor desires to jockey for position or to gain a technical legal advantage.

■ While the delay here, after the period of waiver, was not great, the point is that on January 16th the defendants announced their willingness to go to trial and the trial date was fixed for January 25th. On that date the defendants were legally entitled to go to trial unless some legal excuse existed. The prosecution offered two reasons in support of the request for a continuance. Neither constituted a legal ground for the delay. There was no showing that a court was not available, or any other good reason for further delay. ■ The burden rested on the prosecution to show good cause in support of the motion. The prosecution failed to make such a showing.

This being so, the defendants were entitled to be then tried or dismissed. (*People* v. *Molinari*, 23 Cal.App.2d Supp. 761 [67 P.2d 767]; *People* v. *Fegelman*, 66 Cal.App.2d 950 [153 P.2d 436]; *Dearth* v. *Superior Court*, 40 Cal.App.2d 56 [104 P.2d 376].)

Appellants place considerable reliance on *People* v. *George*, 91 Cal.App.2d 537 [205 P.2d 464], an opinion by this court. The case is not in point. There, on appeal from felony convictions, it was urged that the trial court had erred in denying defendants motions to dismiss the indictments for lack of a speedy trial. There, the defendants had consented to or acquiesced in continuances for 60 days and for some time thereafter. They argued that under section 1382 of the Penal Code they were automatically entitled to a dismissal if not brought to trial within 60 days. They were tried within 14 days from the date that they had formally waived their right to a speedy trial. They made no objection to this continuance. Under the circumstances, they had not been deprived of any rights. That case is not here applicable.

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.