[Civ. No. 8272.   Third Dist.   Mar. 23, 1953.]

EDWARD ALLEN KEHLOR, Appellant, v. MUNICIPAL COURT, Respondent.

Sutter & Elledge and Robert D. Carter for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier, Deputy Attorney General, and T. W. Martz, District Attorney (Stanislaus), for Respondent.

PEEK, J.—On April 8, 1952, Kehlor filed his petition for a writ of mandate in the Superior Court of Stanislaus County praying for an order of that court directing the respondent Municipal Court of the city of Modesto to dismiss a criminal complaint which was then pending against him in said court. On April 28th, following a hearing on the petition, the same was denied and petitioner thereupon appealed to this court.

From the record before us, which consists of the judgment roll alone, it appears that on August 3, 1951, a complaint was filed in the Justice Court of Modesto Township, County of Stanislaus [which court on January 1, 1952, became the Municipal Court of Modesto Judicial District] consisting of seven counts each charging petitioner with a misdemeanor in the operation of a motor vehicle.

On August 9, 1951, defendant, with counsel, appeared in said justice court, pleaded not guilty to the violations charged, and was released on bail. The case was set for hearing in October [the record does not disclose the exact date]; however, the trial was continued at the request of defendant until December 5, 1951. On that date the case was again continued to March 20, 1952, at the request of defendant. On the date so set the defendant did not appear in person but he did appear by his counsel, who again moved the court for a further continuance. The motion was denied, whereupon defendant's counsel announced in open court that he was ready to proceed to trial. The court refused to so proceed in the absence of the defendant, ordered that his bail be forfeited and that a bench warrant issue.

It appears from the allegations in the petition, to which no denial or other answer was filed, and from the affidavit of counsel in support thereof, which was made a part of the petition, that the court in making its order announced that its actions were predicated upon the fact that the court was satisfied that the defendant had sufficient knowledge of the time and place of trial, that no just cause had been shown why he was not present, and that the defendant would have to be present in order for the trial to proceed. It also appears from the affidavit that at no time did the district attorney

suggest that the presence of the defendant was necessary for any purpose and that at no time did the district attorney offer any reason for his refusal to proceed with the trial other than the absence of the defendant.

Counsel for petitioner thereupon moved for a dismissal and following a submission of the motion the same was denied on March 27, 1952. On the following day, over the objection of counsel who requested an early date, the court reset the case for May 16, 1952, for the reason as stated in the petition "that in view of the calendars of both counsel for your petitioner and the Court, the 16th day of May, 1952, was the earliest possible date that said trial could be held."

The order of the superior court denying petitioner's motion for a writ of mandate states in part that "no satisfactory explanation was offered to the Judge by defense counsel as to why the defendant was not present." That while the Municipal Court could have proceeded to try the defendant in his absence, that court "cannot be compelled to do so for the reason that the Section [1382] is not mandatory. . . . the court at all times has a right to control the proceeding of a trial in its Court, and in exercising sound discretion has a lawful right to refuse to proceed without the presence of the defendant. [This] Court is further of the opinion that the unexplained absence of the defendant on the day of the trial was a reasonable showing of good cause for delay within the meaning of Subdivision 3 of Section 1382 of the Penal Code, because such delay was traceable to the defendant himself. The defendant's trial was set for May 16, 1952, when he was before the Court on March 28, 1952, which is not an unreasonable delay under the circumstances of this case, especially in view of the fact that the defendant tried to get a continuance of the trial himself on March 20, 1952, and failed."

At the outset, section 13, article I of the Constitution of this state provides that: (See *People* v. *Molinari,* 23 Cal.App. 2d Supp. 761, 764 [67 P.2d 767].)

"In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy . . . trial."

The portion of section 1043 pertinent to the questions now reads as follows:

"The defendant must be personally present at the trial; provided, that in case of a misdemeanor charge, if he absents himself with full knowledge that a trial is to be or is being had, the trial may proceed in his absence."

The remaining portions of that section make mandatory the presence of a defendant in all felony cases.

The pertinent portions of section 1382 read as follows:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . .

"3. Where the trial has not been postponed upon the defendant's application, if a defendant in a misdemeanor case in an inferior court, is not brought to trial within thirty days after he is arrested and brought within the jurisdiction of the court, unless by his own neglect or failure to appear in court when his presence is lawfully required, his trial must be postponed. . . ."

It is defendant's contention (1) that he comes within the applicable provisions of section 1043 and (2) because of the failure of the court to proceed on March 20th and the resetting of his trial for May 16th, he was thereby deprived of a "speedy trial" as that phrase is used in section 13, article I of the Constitution of this state.

We are confronted first with the constitutional mandate that the party accused in any criminal proceeding *"in any court whatever"* is entitled to a *"speedy trial."* (Italics added.) Additionally the Legislature has admonished the courts that as a matter of public policy all criminal proceedings shall be determined at the earliest possible time, and that it shall be the duty of all courts and judicial officers to expedite such proceedings. Then so as to insure the carrying out of both the constitutional and legislative mandates section 1382 was enacted providing that upon application of the defendant the court "must order the prosecution to be dismissed . . . unless good cause to the contrary is shown" if a defendant is not brought to trial within the specific periods therein set forth.

As appears from the record the only basis for the refusal of the trial court to proceed to trial on March 20 was its desire to have the defendant present. However, the defendant knowingly had absented himself but desired to proceed by his counsel, a right granted by section 1043.

It cannot be denied that while it was through his own requests that the case was not tried before, however, as the court noted in the similar case of *People* v. *Molinari, supra,* at page 766, the waivers by the defendant of a right to a speedy trial for a period of several months could not amount to a similar waiver covering an additional period of approxi-

mately seven weeks. ■ From the record before us it appears that the only reason for the final continuance was the condition of the court's calendar and that of defendant's counsel. Counsel's agreement to such setting was without prejudice to the position he had previously taken.

Such facts and circumstances do not support the findings of the superior court that good cause was shown and such delay was not unreasonable. ■ As stated in *Harris* v. *Municipal Court,* 209 Cal. 55, 64 [285 P. 699]:

"Prejudice will be presumed from the violation of this constitutional right. It is enough for the defendant to show that the prosecution has been unreasonably delayed. It will not be presumed that good cause for the delay in fact existed. If there was any good cause it was for the prosecution to show it."

The judgment is reversed with directions to the trial court to enter its order directing the respondent Municipal Court of the City of Modesto to dismiss the criminal complaint now pending therein against the petitioner.

Van Dyke, P. J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 21, 1953. Carter, J., did not participate therein.