[Civ. No. 4659. Fourth Dist. Mar. 3, 1954.]

JOHN M. COUGHLAN, Respondent, v. JUSTICE COURT OF KERN RIVER JUDICIAL DISTRICT et al., Appellants.

Joseph E. Woolridge, District Attorney (Kern), Lothair Schoenheit, Deputy District Attorney, Pauline Nightingale, Edward M. Belasco and Leon H. Berger for Appellants.

Maurice J. Hindin for Respondent.

BARNARD, P. J.—This is an appeal from a judgment granting a peremptory writ of prohibition commanding the defendants to desist and refrain from taking further proceedings in a criminal action, save and except to dismiss said action.

The petition for the writ alleged, among other things, that a criminal complaint was filed in the justice court charging the petitioner with a violation of section 270 of the Labor Code; that he was arrested on October 31, 1951, and admitted to bail; that he filed a demurrer on November 9, 1951; that this demurrer was overruled on September 13, 1952; and that in the intervening period he did not appear before the respondent court, was not arraigned, was not ordered to appear, requested no continuance, and did not waive his right to a speedy trial.

It was further alleged that no hearings were had or rulings made in connection with said demurrer until September 13, 1952; that on that date the respondent court ordered the petitioner to appear for arraignment on September 29, 1952; that on September 16, 1952, petitioner filed a written notice of motion to dismiss for failure to bring him to trial within 30 days after his arrest, and for denial of his right to a speedy trial; that on September 29, 1952, respondent court granted this motion and entered a judgment of dismissal; that the People appealed from that order; that on November 21, 1952, the superior court reversed that order and directed the respondent court to proceed with the trial of the action; that the respondents proposed to try the petitioner on said complaint during the week beginning March 9, 1953; and that the respondent court is without jurisdiction to try the petitioner

on said complaint for the reason that he has been denied the right to a speedy trial as guaranteed by article I, section 13 of the Constitution, and for four other reasons which are set forth in the petition. After a hearing, at which both sides were represented, the court found that no question of fact had been raised and that all of the allegations of the petition are true, and ordered a peremptory writ issued as prayed for. Such a writ was issued and the respondents have appealed.

 The right to a speedy trial is provided for in article I, section 13 of the state Constitution, and in sections 681a, 686, subdivision 1, and 1382, subdivision 3, of the Penal Code. The latter section provides, with respect to a misdemeanor, that the court must order the action to be dismissed where it has not been brought to trial within 30 days after the person is arrested, unless the delay is caused by some action or neglect on the part of the defendant. The right of a defendant to dismiss under such circumstances has been frequently upheld. (*Harris* v. *Municipal Court,* 209 Cal. 55 [285 P. 699]; *People* v. *Molinari,* 23 Cal.App.2d Supp. 761 [67 P.2d 767]; *People* v. *Godlewski,* 22 Cal.2d 677 [140 P.2d 381]; *People* v. *Angelopoulos,* 30 Cal.App.2d 538 [86 P.2d 873]; *De La Mar* v. *Superior Court,* 22 Cal.App.2d 373 [71 P.2d 96].) In the last named case, the court said:

"A party charged with crime has the constitutional right to a speedy trial and the court has no discretionary power to deny him a right so important. It would be unreasonable to hold that a delay of over a year was not in violation of the constitutional right to a speedy trial where the delay was not traceable to petitioner. The policy of the law upon this subject has been declared by the legislature and by constitutional enactment, and courts have not hesitated by writ of mandamus or on appeal to compel the dismissal of felony cases not speedily brought to trial in accordance with the legislative and constitutional requirements."

 In this case more than 10 months elapsed after the arrest and before the demurrer was ruled on, and almost 11 months before the defendant was arraigned. At that time the action was ordered dismissed, but an appeal was taken from that order. Although that order was reversed with directions to proceed with the trial on November 21, 1952, nothing further was done until the petition for a writ of prohibition was filed on February 13, 1953, 84 days later. No excuse appears for either of the long delays and under the

facts, as admitted and found by the court, the order for the issuance of the writ of prohibition was correctly entered.

Under the circumstances, it is unnecessary to consider the other grounds upon which the sufficiency of the complaint was attacked in the petition for a writ filed in the superior court.

The judgment appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.