[Civ. No. 10601. First Appellate District, Division One.—August 23, 1937.]

FRANK R. DE LA MAR, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Arthur C. Fisher for Petitioner.

Matthew Brady, District Attorney, and August L. Fourtner, Assistant District Attorney, for Respondent.

TYLER, P. J.—Application for writ of mandate to terminate the prosecution of petitioner on two counts of grand theft and one count of violation of the Corporate Securities Act as contained in an indictment found against petitioner. The petition alleges among other things that the indictment was returned on the 17th day of April, 1936, and that petitioner had no knowledge of the existence of the same at that time or at any time until the 21st day of May, 1937, when he received a threatening communication through the mail informing him that a warrant was issued for his arrest and that his address would be given to the authorities unless he

made a settlement of his business dealings; that upon receiving the communication he replied to the same, informing the writer that he was not obligated to anyone and that no cause existed for civil or criminal action against him. Thereafter petitioner received a second communication of a like character, whereupon he went to the sheriff of Kern County and had him teletype to San Francisco and ascertain whether any warrant of arrest existed; that on June 5, 1937, petitioner received the first knowledge of the existence of said indictment and of said warrant through the sheriff of Kern County, and immediately upon obtaining such information he caused the said sheriff to teletype to San Francisco that he would voluntarily appear on the 11th day of June, 1937, on which date he appeared and gave bail for his release; that on the date the indictment was found petitioner was and had been a resident of the city of Bakersfield, Kern County, and at said time and for several months prior thereto had been actively engaged in the business of contracting the erection of oil derricks in said city and was registered with the bureau of vocational standards and had been so registered since the year 1934; that he was a registered voter in Bakersfield and his name was contained in the city and telephone directories; that at the time of the transactions involved in the indictment he occupied a business address in San Francisco and upon leaving such city he filed with the United States post office at San Francisco the customary change of address card. The petition further recites that petitioner never at any time received any demand or intimation from anyone concerning any indebtedness. On June 16, 1937, petitioner moved to dismiss the prosecution and indictment on the ground that he was not brought to trial within sixty days after the finding of the indictment as required by the provisions of section 1382, chapter 8, title 10, part 2 of the Penal Code and as provided by section 13, article I of the Constitution of the state of California, and at the same time filed and served an affidavit setting forth in detail the facts hereinabove recited. The motion came on for hearing and in response to the showing made the People placed on the stand two police officers who testified that they made search in San Francisco for petitioner and ascertained that he was located in southern California, but that they made no effort to apprehend him for the reason that the department had

no funds with which to return him to San Francisco. After the hearing the court denied the motion to dismiss the prosecution, and the present proceeding followed.

In our opinion the facts entitle petitioner to the relief which he seeks. The prosecution was commenced in April, 1936, and nothing was done in the matter for over a year thereafter. The whereabouts of petitioner was easily ascertainable and no excuse was tendered for the delay except the absence of funds. This is not a sufficient excuse. (*People* v. *Disperati*, 11 Cal. App. 469, 476 [105 Pac. 617].) A party charged with crime has the constitutional right to a speedy trial and the court has no discretionary power to deny him a right so important. It would be unreasonable to hold that a delay of over a year was not in violation of the constitutional right to a speedy trial where the delay was not traceable to petitioner. The policy of the law upon this subject has been declared by the legislature and by constitutional enactment, and courts have not hesitated by writ of *mandamus* or on appeal to compel the dismissal of felony cases not speedily brought to trial in accordance with the legislative and constitutional requirements. (*Harris* v. *Municipal Court*, 209 Cal. 55 [285 Pac. 699].)

Let the peremptory writ of *mandamus* issue as prayed.

Knight, J., and Cashin, J., concurred.