[Civ. No. 31186.   Second Dist., Div. Two.   Jan. 24, 1967.]

ROBERT B. ZIMMERMAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Warren L. Ettinger for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

McCOY, J. pro tem.*—Petitioner seeks a writ of prohibition to restrain the Superior Court of Los Angeles County from proceeding with the trial of petitioner in case number 329500 pending in said court. It is his contention that he has been denied his right to a speedy trial.

The facts are admitted. On December 3, 1962, a complaint (No. 108272) issued in the Municipal Court of the Los Angeles Judicial District charging this petitioner, under the name of Robert Allen Bruce, with two counts of burglary. On December 14, 1962, a complaint issued in the Municipal Court, Pasadena Judicial District (No. F-5561) charging him with two counts of armed robbery. Before preliminary hearings could be held, petitioner was returned to Minnesota as the defendant in a criminal case. In January 1963 the sheriff of Los Angeles County placed a detainer on petitioner with the Minnesota authorities based on the charges filed in Pasadena but took no steps to extradite petitioner. A copy of this detainer was sent to the ''Extradition Clerk, L. A. County Dist. Atty's Office.'' In February 1963 he was sentenced in Minnesota to a term of five to seven years for attempted robbery first degree and sent to the state prison in Stillwater, Minnesota, where he remained until released to the sheriff of Los Angeles County in September 1966.

On March 9, 1965, petitioner wrote to the District Attorney for Los Angeles County stating that he would be appearing before the parole board in 1966, that he was ''very much concerned with the charge which is being held open against me in California. Because of my concern, I would like to have my California trial at the earliest possible time, so that the pending matter can be determined before my next parole hearing.'' Although this letter was admittedly received on March 11, the district attorney ignored it and took no action to bring about petitioner's return for an early trial.

The statute of limitations (Pen. Code, § 800) barred the prosecution of two of the charges against petitioner in November 1965 and of the other two in December 1965, except as the statute was tolled by the provisions of section 802.

In May 1966 the warden of the Minnesota State Prison wrote to the sheriff of Los Angeles County asking whether he intended to exercise the detainer in the event of petitioner's release. The sheriff replied by letter of May 19 advising the warden that it was still his intention to return petitioner to

*Assigned by the Chairman of the Judicial Council.

California whenever he became available, and asking the warden to let him know when petitioner would be ready for release and whether he would waive extradition.

On June 16, 1966, the Municipal Court of the Pasadena Judicial District dismissed the complaint against petitioner on motion of the district attorney "in the interest of justice." On August 4, 1966, a new complaint was filed against petitioner in the Municipal Court of the Los Angeles Judicial District again charging petitioner with the two counts of robbery and the two counts of burglary previously charged in the two 1962 complaints, and a warrant was issued for his arrest. Presumably, the 1962 complaint filed in the Los Angeles court was also dismissed "in the interest of justice" before this new complaint was filed in 1966. The sheriff advised the warden of the Minnesota State Prison of these actions by letter of August 5, 1966, and again advised him that he was still interested in taking custody of petitioner when he became available.

On August 19, 1966, the Minnesota authorities advised the Los Angeles sheriff that petitioner had appeared before the Minnesota Adult Corrections Commission on August 8, 1966, and was granted a parole to his detainer and would be made available upon a 72-hour notice, otherwise, "if not wanted, to be returned to the Commission." Petitioner was confined in the Minnesota State Prison until September 2, 1966, on which date, having waived extradition, he was released to representatives of the Los Angeles Sheriff's Department and was returned to Los Angeles on September 5, 1966.

After petitioner's return to California, a preliminary hearing was held on September 23, 1966, based upon the new complaint which had issued on August 4, 1966 (No. 213479), and petitioner was held to answer as charged. On October 7, 1966, the District Attorney of Los Angeles County filed in the superior court of that county an information charging petitioner with two counts of robbery and only one count of burglary, being the offenses set forth in counts I, II and III of the new complaint.[1]

---

[1]Although this information shows on its face that the prosecution of the charges there alleged is barred by the statute of limitations, in that no facts are there alleged with respect to petitioner's absence from the state (see *People* v. *Rehman,* 62 Cal.2d 135, 139 [41 Cal.Rptr. 457, 396 P.2d 913]), the bar of the statute is not urged by petitioner. The facts were alleged in the complaint filed in August 1966 and we assume that on a proper showing the respondent court would permit an appropriate amendment to the information.

Petitioner moved to dismiss the information upon the grounds stated in Penal Code, section 995, that is, that he had been committed without reasonable or probable cause. Petitioner alleges that at this hearing he also argued that he had been deprived of his right to a speedy trial. The motion was denied and the within petition was then filed with this court.[2]

We have no record of the proceedings in the superior court under section 995. The transcript of the preliminary hearing, however, shows that a written motion was presented to the municipal court to dismiss the action upon the ground that defendant had been denied his right to a speedy trial. The matter was argued extensively, and after deciding that the interstate agreement on detainers was inapplicable since Minnesota is not a party thereto, and that *Barker* v. *Municipal Court*, 64 Cal.2d 806 [51 Cal.Rptr. 921, 415 P.2d 809], was distinguishable on its facts, the court denied the motion, stating that the matter was to be decided under the general right to a speedy trial and that defendant had failed to make a sufficient showing that the time involved was unreasonable.

In its return to the alternative writ issued herein, respondent alleges that ''the People have not sought to delay petitioner's trial in California, that they have had no prior opportunity of bringing petitioner to trial, and that the complaint on which the preliminary hearing was held was not the 1962 complaint alleged in the petition, but a new one, filed about August 4, 1966; and that the Minnesota authorities decided to free petitioner from custody only because of the trial now pending in California, which petitioner now seeks to prohibit.'' It is clear from the record before us that the California authorities had no intention of returning petitioner to California for trial until his release in Minnesota, either upon expiration of his sentence or on parole. No inquiry or request was made of the Minnesota authorities by the California authorities as to whether petitioner might be released for trial prior to that time and, although they spoke of extradition proceedings as early as January 1963, they took no affirmative steps in that direction.

---

[2]As a petition for prohibition under Penal Code, section 999a, it should have been filed by November 7, whereas it was filed on November 9. The People make no claim that the petition is untimely, and it would seem that regardless of section 999a, prohibition is proper since a constitutional and jurisdictional matter is involved. (See *Harris* v. *Municipal Court*, 209 Cal. 55, 60-61 [285 P. 699]; *De La Mar* v. *Superior Court*, 22 Cal.App.2d 373 [71 P.2d 96].)

In his petition to this court petitioner contends that he was denied his right to a speedy trial by reason of the delay of approximately 18 months after his request to the district attorney in March 1965. Since the two original complaints filed in 1962 have been dismissed, the question is whether petitioner has been deprived of his right to a speedy trial for the offenses committed in November and December 1962 as now alleged in the information filed October 7, 1966. Conversely, the question is whether there is a sufficient showing for the delay by the People, or whether the delay was unreasonable.

## The Right to a Speedy Trial

■ "The Sixth Amendment to the United States Constitution provides in part: 'In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . .' Article I, section 13, of the California Constitution states that 'In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial. . . .' (See also Pen. Code, § 686.) The California provision for a speedy trial ' "reflects the letter and spirit" of the Sixth Amendment to the United States Constitution. . . .' (*People* v. *Wilson* (1963) 60 Cal.2d 139, 144 [32 Cal.Rptr. 44, 383 P.2d 452].) " (*Barker* v. *Municipal Court,* 64 Cal.2d 806, 810 [51 Cal.Rptr. 921, 415 P.2d 809].)

■ The constitutional right to a speedy trial has been extensively implemented by the Legislature. To begin with, it is provided by law that, with certain exceptions not applicable here, an indictment for a felony must be found or an information filed "within three years after its commission" (Pen. Code, § 800), subject only to the proviso that, if the indictment is found or the information is filed when the defendant is out of this state, "no time during which the defendant is not within this State, is a part of any limitation of the time for commencing a criminal action."(Pen. Code, § 802.) These sections, together with section 686, Penal Code, which provides that a defendant is entitled "to a speedy and public trial," and section 1050, Penal Code, which declares that "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time," are merely "supplementary to and a construction of" the Constitution. (*People* v. *Godlewski,* 22 Cal.2d 677, 682 [140 P.2d

62

381].) So too are sections 1381, 1381.5, 1382 and 1389,[3] establishing maximum periods within which defendants must be brought to trial. ▇ Although none of these latter sections are applicable to the instant case, the court in *Barker* v. *Municipal Court, supra,* states (p. 812) that "the constitutional provision 'is self-executing.' (*Harris* v. *Municipal Court, supra,* 209 Cal. 55, 60.) '[I]t is not necessary to have specific legislation to carry into effect section 13 of article I. . . .' (*Rost* v. *Municipal Court* (1960) 184 Cal.App.2d 507, 511 [7 Cal.Rptr. 869, 86 A.L.R.2d 974].) . . . Thus, it is unnecessary that petitioners, in asserting their constitutional rights to a speedy trial, rely on specific statutory provisions applicable to prisoners.

▇ " '[W]hat is a speedy trial in the constitutional sense . . . depends on the circumstances of each case bearing on . . . good cause' for the delay in bringing a defendant to trial. (*In re Lopez* (1952) 39 Cal.2d 118, 120 [245 P.2d 1]; see also *Pollard* v. *United States* (1957) 352 U.S. 354, 361 [1 L.Ed.2d 393, 77 S.Ct. 481].) ▇ When there has been an extended delay in bringing a defendant to trial, 'it is not necessary that the party accused affirmatively show prejudice. . . . It is enough for the defendant to show that the prosecution has been unreasonably delayed. It will not be presumed that good cause for the delay in fact existed. If there was any good cause it was for the prosecution to show it.' (*Harris* v. *Municipal Court, supra,* 209 Cal. 55, 64; see also *In re Begerow, supra,* 133 Cal. 349, 354 [65 P. 828, 85 Am.St.Rep. 178, 56 L.R.A. 513].)'' (*Barker* v. *Municipal Court,* 64 Cal.2d 806, 812 [51 Cal.Rptr. 921, 415 P.2d 809].)

▇ In our opinion the petitioner before us has been deprived of his right to a speedy trial in the constitutional sense by reason of the unreasonable delay in bringing him to trial for the offenses allegedly committed by him in 1962, and that the prosecution has not shown any valid reason for that delay. Granting that Minnesota is not a party to the Agreement on Detainers (Pen. Code, § 1389), there is no excuse for the failure of the prosecution to take appropriate action to extradite petitioner early in 1963, as provided in section 1549 of the Penal Code, when the sheriff of Los Angeles County placed a detainer on petitioner with the Minnesota authorities and asked them to ascertain whether petitioner would waive

---

[3]Penal Code, section 1389, by which California joined in the interstate Agreement on Detainers is not applicable to the case before us because Minnesota is not a party to that agreement.

extradition. Nor is there any valid excuse for the failure of the district attorney to bring petitioner to trial on the pending California charges within a reasonable time after receiving petitioner's request in March 1965 for a trial on those charges ''at the earliest possible time.''

■ Had petitioner been incarcerated in a California penal institution, a failure to bring him to trial on the pending charges within 90 days after delivery to the district attorney of a written request for an early trial would have resulted in a dismissal of those charges. (Pen. Code, § 1381.) In *Barker* the court held (p. 814) that there is no sound reason to distinguish between the cases of ''an accused serving a sentence outside a jurisdiction and one imprisoned within the jurisdiction. Both are entitled to a speedy trial.'' As the court there said, quoting from *State* ex rel. *Fredenberg* v. *Byrne*, 20 Wis.2d 504 [123 N.W.2d 305]: '' 'The constitutional guaranty . . . contemplates that the means that are available to meet its requirements shall be utilized.' ''

■ Of course the statutory period of limitations is tolled when the accused is outside the state. (Pen. Code, § 802.) In our opinion this exception was intended to be applicable where the absence prevents his being brought to trial within the statutory period and the accused has taken no affirmative action seeking to overcome this obstacle to his prosecution. Where the accused has sought to be returned to this state for an early trial well within the statutory period and where the prosecution has wholly failed to pursue the procedure available for his return (Pen. Code, § 1549), it would seem reasonable to hold, by analogy to section 1389 of the Penal Code that the charges against the accused may not be prosecuted more than three years after the commission of the offenses and more than 180 days after delivery of his written request for a final disposition of the complaint. When, as here, we are concerned with the question of whether petitioner has been deprived of his constitutional right to a speedy trial in the particular circumstances of this case, it would be unreasonable to hold that the intent of the Legislature in enacting section 1389 can be ignored because of the fortuitous fact that Minnesota is not a party to the Agreement on Detainers. It would be equally unreasonable to permit the prosecution to go forward where it waited for approximately 18 months after receiving petitioner's request for an early trial before dismissing the original charges and filing a new complaint after the period of the statute of limitations had expired.

In our opinion petitioner has been deprived of his constitutional right to a speedy trial by reason of the neglect of the prosecuting officers of the state in the discharge of their constitutional and statutory duty, and is entitled to the relief he here seeks.

Let a peremptory writ issue directing the respondent court to dismiss the information against petitioner filed in October 1966 in action number 329500, and to abstain from any further proceedings against him in said action.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied February 10, 1967, and the petition of the real party in interest for a hearing by the Supreme Court was denied March 22, 1967.