Opinion
MARGOLIS, P. J.
Statement of the Case
In a misdemeanor complaint, a defendant was charged in count I with violation of Vehicle Code section 23152, subdivision (a)[1] (driving while *Supp. 7 under the influence of alcohol), and with having suffered a prior conviction for the same offense in October 1985. In count II, defendant was charged with violation of section 23152, subdivision (b) (driving with a blood-alcohol level of .10 percent or more) and with having suffered the same prior conviction.
An August 1987 docket entry in the instant case stated that defendant was “doing two years in prison.” The following month, defense counsel brought a motion to dismiss the complaint against defendant pursuant to section 41500, arguing that dismissal was appropriate under subdivision (a) of that section.[2]
The People argued that dismissal was not appropriate in the instant action because of the exception contained in subdivision (d) of section 41500 for offenses for which the Department of Motor Vehicles (DMV) is required to suspend or revoke a defendant’s license upon conviction. Defendant argued that the exception was inapplicable because the DMV may, but is not required to, suspend or revoke the driver’s license of a person who is convicted of violating section 23152 who has suffered a prior conviction for the same offense. The People further argued that pursuant to section 13352, subdivision (a)(3),[3] the DMV is required to revoke immediately or suspend the driver’s license of a person convicted of violating section 23152 who has been previously convicted of the same offense. While the People conceded that suspension of a driver’s license is not mandatory if a defendant is granted probation, the People argued that it was premature for the court to consider that possibility because the court could not reach the issue of probation until defendant was actually convicted of the charge.
The court, however, granted defendant’s motion, finding that since a court could grant probation to a second-time offender under section 13352.5, subdivision (a),[4] in which case suspension of the defendant’s driver’s license would not be mandatory, the exception in section 41500, subdivision (d), did not apply.
The People filed a timely notice of appeal.
*Supp. 8 Issues on Appeal
On appeal, we address the issue of whether the trial court erred in dismissing the complaint based on the conclusion that suspension of defendant’s driver’s license may not be mandatory if defendant, once convicted, were granted probation.
Discussion
Vehicle Code section 41500, subdivision (a) states: “No person shall be subject to prosecution for any nonfelony offense arising out of the operation of a motor vehicle . . . which is pending against him at the time of his commitment to the custody of the Director of Corrections. . . .”
However, subdivision (d) of the same code section provides an exception: “The provisions of this section shall not apply to any nonfelony offense wherein the department is required by this code to immediately revoke or suspend the privilege of any person to drive a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of such nonfelony offense.”
Here, defendant was charged with violation of section 23152, subdivisions (a) and (b), and with having been convicted of the same offense in 1985.
Section 23165 describes the punishment to be imposed if a defendant is convicted of the charged offenses: “If any person is convicted of a violation of Section 23152 and the offense occurred within seven years of a separate violation of Section . . . 23152 . . . which resulted in a conviction, that person shall be punished by imprisonment in the county jail for not less than 90 days nor more than one year and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000). The person’s privilege to operate a motor vehicle shall be suspended by the Department of Motor Vehicles pursuant to paragraph (3) of subdivision (a) of Section 13352.” (Italics added.)
We note that in 1981 the Legislature toughened the sentencing scheme for repeat driving-under-the-influence offenders. These code sections were enacted to restrict the power of the courts to avoid imposing mandatory sentences for repeat offenders (see Fox v. Alexis (1985) 38 Cal.3d 621, 624 [214 Cal.Rptr. 132, 699 P.2d 309]), and in furtherance of the Legislature’s desire to purge California highways of the menace of drunk drivers. (See Pollack v. Department of Motor Vehicles (1985) 38 Cal.3d 367, 379 [211 Cal.Rptr. 748, 696 P.2d 141].)
*Supp. 9 While section 23165 is couched in mandatory terms, section 23166 does permit the trial court to exercise its discretion to restrict rather than suspend a repeat offender’s driver’s license if, and only if, the repeat offender can satisfy a number of conditions. These conditions include the repeat offender’s satisfactory participation for a minimum of one year in an alcoholism treatment program (§ 23166, subd. (b) (3)) and his providing the DMV with proof of ability to respond in damages in prescribed minimum amounts for damage to property or for personal injury or death resulting from the ownership or operation of a motor vehicle. (§ 16430.)
In the case at bar, because of the trial court’s action in dismissing the case against defendant, we are left only to speculate whether, if defendant were convicted, the trial court might exercise its discretion and determine that defendant might benefit from the section 23166 exception to the mandatory driver’s license suspension provision of section 23165, and, if so, if defendant is able to satisfy the requisite conditions of section 23166.
Further, we conclude that the Legislature by enacting subdivision (d), evidenced its intention to exempt section 23152 repeat offenders from the dismissal provisions of section 41500 by including subdivision (d) in that section.
Based on the foregoing, we conclude that the trial court erred in finding that defendant was entitled to dismissal under section 41500 simply because he had been committed to state prison while the current charges were pending.
Accordingly, the order dismissing the complaint is reversed.
Roberson, J., and Woods, J., concurring.

 Unless otherwise indicated, all statutory references are to the Vehicle Code.

 This subdivision provides for dismissal of charges against a defendant on nonfelony offenses arising out of the operation of a motor vehicle which are pending against the defendant while he is committed to the custody of the Director of Corrections.

 Section 13352, subdivision (a)(3) in pertinent part states that the DMV “. . . shall immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of a violation of section 23152 . . . punishable under section 23165 [second offense within seven years] . . . .”

 This section permits a court to grant probation to a second-time offender if certain conditions are met.