[No. B060781. Second Dist., Div. Four. Sept. 10, 1992.]

BARRY JOSEPH, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[No. B062121. Second Dist., Div. Four. Sept. 10, 1992.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MIGUEL CALDERON, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Jennifer Turkat, Richard N. Merenbach, Elizabeth Warner-Sterkenburg and Paula Montez, Deputy Public Defenders, for Petitioner in No. B060781 and for Real Party in Interest in No. B062121.

James K. Hahn, City Attorney, William N. Sterling and Janet G. Bogigian, Deputy City Attorneys, for Real Party in Interest in No. B060781 and for Petitioner in No. B062121.

OPINION

EPSTEIN, J.—In these consolidated writ proceedings we conclude that first offense driving under the influence cases are subject to the Vehicle Code section 41500 prohibition against prosecution of offenses pending when a defendant is committed to the custody of the Director of Corrections, unless the complaint alleges that the offense took place in a vehicle which requires a class 1 or class 2 license to operate.[1] We also determine that section 41500 applies after a defendant's release from custody, and that the existence of a precommitment bench warrant has no effect on the application of the section.

FACTUAL AND PROCEDURAL SUMMARY

*Calderon*

The first of these consolidated writ petitions is *People* v. *Superior Court* (*Calderon*). The prosecution and the defense agree on the essential facts in that case, which may be briefly summarized.[2]

On May 19, 1987, the prosecution filed a misdemeanor complaint charging Mr. Calderon with a violation of section 23152, subdivision (a), driving while under the influence of alcohol; a violation of section 23152, subdivision (b), driving with a blood-alcohol level of .10 percent or above; and a

---

[1] All further statutory references are to the Vehicle Code unless otherwise indicated.

[2] We refer to Mr. Calderon, real party in interest in *Calderon*, and Mr. Joseph, petitioner in *Joseph*, as defendants, or, collectively, as the defense.

violation of section 14601.1, subdivision (a), driving with a suspended license. No prior driving under the influence[3] convictions were alleged.

Mr. Calderon appeared in the Los Angeles Municipal Court without counsel on June 2, 1987. His arraignment was continued until the next day, June 3, 1987. On that date he failed to appear in court. A bench warrant was issued.

From March 28, 1989, to January 29, 1991, Mr. Calderon was committed to the custody of the Director of Corrections on an unrelated charge. On June 4, 1991, Mr. Calderon again appeared in the municipal court on his driving under the influence case. Shortly thereafter, on June 14, 1991, he filed a motion to dismiss the case, based on the provisions of section 41500. The court denied the motion, and Mr. Calderon petitioned the superior court for a writ directing the court to grant the motion. The petition was granted, and a peremptory writ of mandate was issued directing the municipal court to dismiss the case. In response, the prosecution filed this petition.

*Joseph*

Here, too, the prosecution and the defense substantially agree on the facts, which we briefly summarize.

On July 23, 1990, Mr. Joseph was charged by misdemeanor complaint with a violation of section 23152, subdivision (a), driving while under the influence of alcohol; a violation of section 23152, subdivision (b), driving with a blood-alcohol level of .08 percent or greater;[4] and a violation of section 12500, subdivision (a), driving without holding a driver's license. No prior driving under the influence convictions were alleged.

Mr. Joseph appeared in the Los Angeles Municipal Court for arraignment on July 23, 1990. The case was continued to July 30, and again to July 31, 1990, for arraignment. Mr. Joseph failed to appear on that date, and a bench warrant was issued. On September 25, 1990, Mr. Joseph was committed to the custody of the Director of Corrections on an unrelated felony case. He was released May 15, 1991.

---

[3]Section 23152 encompasses driving under the influence of alcohol, driving under the combined influence of alcohol and drugs, and driving with a blood-alcohol level greater than .08 percent. In accord with accepted parlance, we refer to the offense as driving under the influence.

[4]In the period between Mr. Calderon's and Mr. Joseph's arrests, the driving under the influence laws were amended so that .08 percent of blood-alcohol became both the legal limit under section 23152, subdivision (b), and presumptive proof of being under the influence, pursuant to section 23155, subdivision (a)(3).

Mr. Joseph next appeared in municipal court on May 16, 1991. On June 14, 1991, he filed a motion to dismiss based on the provisions of section 41500. When that motion was denied, Mr. Joseph petitioned the superior court for a writ directing the municipal court to vacate its order and dismiss the case. That petition was denied and Mr. Joseph filed the present petition for mandate.

## DISCUSSION

### I

Section 41500 provides: "(a) No person shall be subject to prosecution for any nonfelony offense arising out of the operation of a motor vehicle . . . which is pending against him at the time of his commitment to the custody of the Director of Corrections . . . . [¶] (d) The provisions of this section shall not apply to any nonfelony offense wherein the department[5] is required by this code to immediately revoke or suspend the privilege of any person to drive a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of such nonfelony offense. . . ."

Section 41500 is an exception to the rule that all criminal offenses are subject to prosecution. Subdivision (d) limits the exception, and allows prosecution for certain offenses notwithstanding the fact that charges were pending when a defendant was sent to prison. The question presented by these petitions is whether a charge of a first offense driving under the influence is subject to the ban on prosecution, or whether it is exempted from that ban under section 41500, subdivision (d). Our conclusion, that the section 41500, subdivision (d) exemption does not apply, is based on the language of section 41500 and the statute upon which its operation depends, section 13352.

Section 13352 authorizes the department to revoke or suspend the driving privilege of persons convicted of driving under the influence offenses. (*Fox v. Alexis* (1985) 38 Cal.3d 621, 624 [214 Cal.Rptr. 132, 699 P.2d 309].) It provides that in first offense driving under the influence cases, other than those in which the offense takes place in a vehicle requiring the driver to have a class 1 or class 2 driver's license, the department may suspend or revoke the privilege only if the sentencing court so orders. Section 41500, subdivision (d) applies to offenses where the department *must* suspend or revoke on receipt of nothing more than notice of conviction, without court

---

[5]Under section 290, "department" as used in the Vehicle Code refers to the Department of Motor Vehicles. We adopt that usage.

order. First offense driving under the influence cases that do not involve an allegation that the offense took place in a vehicle requiring the driver to have a class 1 or 2 license[6] are outside the ambit of the section 41500, subdivision (d) exception and are subject to the ban on prosecution.

## II

Only two reported cases, *People* v. *Minor* (1988) 204 Cal.App.3d Supp. 5 [251 Cal.Rptr. 636], and *People* v. *Freeman* (1987) 225 Cal.App.3d Supp. 1 [275 Cal.Rptr. 373], have considered application of section 41500 to driving under the influence cases. Like the two superior court rulings before us now, they reach different results on similar facts.

In *People* v. *Minor*, the defendant was charged with second offense driving under the influence. Then, as now, the statutory punishment scheme provided for license suspension if probation was not granted, and allowed a restricted license if probation was granted and other specified conditions were met. (§§ 23165 § 23166.) The *Minor* court looked to the legislative intent in the 1981 revision of the driving under the influence laws—to toughen penalties for repeat offenses—and held that the Legislature had intended to exempt, and had exempted, repeat offenses from the dismissal provisions of section 41500.

In *Freeman*, the court considered five cases of first offense driving under the influence. Then, as now, the statutory scheme provided for license suspension if probation was not granted, and a restricted license if probation was granted and other specified conditions were met. (§§ 23160 & 23161.) *Freeman* found an ambiguity in section 41500, subdivision (d), in that it could be read to refer only to those offenses where the department is uniformly required to suspend on receipt of the record of conviction or, more broadly, to include cases in which revocation or suspension flows from court's actual, discretionary judgment.

The *Freeman* court held that section 41500, subdivision (d) applies only where revocation follows automatically from the mere fact of the conviction, since any other result would require that sentencing take place before it could be determined whether section 41500 barred prosecution, an absurd result. The court found that first offense driving under the influence is not an offense that calls for the requisite immediate suspension or revocation. (*People* v. *Freeman*, *supra*, 225 Cal.App.3d at pp. Supp. 5-6.)

Statutes should be construed to avoid absurd results. (*Woods* v. *Young* (1991) 53 Cal.3d 315, 323 [279 Cal.Rptr. 613, 807 P.2d 455].) We agree with

---

[6]Buses, truck tractors, and other three-axle vehicles require a class 1 or 2 license. (§ 12804.)

*Freeman* that the applicability of section 41500 cannot depend on the sentence, since sentencing occurs at the end of proceedings, not during their pendency. ■ Whether the exception of section 41500, subdivision (a) applies, or whether the exception to the exception of subdivision (d) of that section applies must depend on the allegations of the complaint. The only logical reading of section 41500, subdivision (d) is that it applies to those cases where, if the defendant were convicted of the charged allegations, the department would be required to act upon notice of the conviction alone.

However, neither *Freeman* nor *Minor* is fully dispositive of the issue before us, and we turn to the statutory scheme of which section 41500 is a part.

## III

The prosecution has asked us to take judicial notice of legislative materials consisting of written comments of various state agencies on the legislation, statements by the sponsor of the legislation, and Senate committee documents. We have done so. (See *Post* v. *Prati* (1979) 90 Cal.App.3d 626, 633-634 [153 Cal.Rptr. 511].) The material evidences a legislative intent to limit the application of the section 41500 bar on prosecution to less serious matters. However, none of the material is helpful in determining the precise scope of section 41500. That question is the legal issue before us, and it is resolved on the language of the relevant statutes.

Section 41500 depends on section 13352, which provides "(a) *The department shall immediately suspend or revoke* . . . the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of a violation of Section 23152 . . . . For purposes of this section, suspension or revocation shall be as follows: (1) Upon a conviction or finding of a violation of Section 23152 punishable under[7] Section 23160,[8] the privilege shall be suspended for a period of six months *if the court orders* the department to suspend the privilege, or if the court does not grant probation, or if the offense occurred in a vehicle requiring a driver with a class 1 or class 2 driver's license

---

[7]Though the "punishable under" language of section 13352 has been found to be ambiguous, the legislative history indicates that the formulation was intended to provide a shorthand reference to driving under the influence offenses with or without prior convictions. (See *Pollack* v. *Department of Motor Vehicles* (1985) 38 Cal.3d 367, 375 [211 Cal.Rptr. 748, 696 P.2d 141].)

[8]Section 23160 sets out the penalty for first offense driving under the influence if probation is not granted, and requires the court to order a license suspension in that situation. Section 23161 sets out the penalty if probation is granted, and does not include a mandatory license suspension.

. . . ." (Italics added.) If the offense occurs in a vehicle requiring a class 1 or 2 license, and the court grants probation (§ 23161, subd. (b)) the statute directs the department to issue a restricted class 3 license.

Although the first sentence of section 13352 ("[t]he department shall immediately suspend or revoke") would appear to bring first offense cases under section 41500, subdivision (d), the statute must be read as a whole. (See *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) The last sentence of the first paragraph of section 13352 ("suspension or revocation shall be as follows") and subdivision (a) (1) of that section explain the first sentence. Read as a whole, section 13352 distinguishes between first offense cases which involve class 1 or class 2 licenses, and those which do not. If the offense is alleged to have occurred in a vehicle requiring a class 1 or class 2 license, the department must suspend on notice of conviction. In all other cases, suspension or revocation takes place only if the court so orders. (See also § 13352, subd. (a)(2) [immediate suspension for first conviction of § 23153, driving under the influence causing injury]; and § 13352, subd. (a)(5) [immediate revocation for third conviction of driving under the influence within seven years].)

In contrast, there are several offenses for which the department is directed to immediately suspend or revoke on nothing more than a formal notice of conviction. A third conviction within seven years for driving under the influence is such an offense. (See §§ 13352, subd. (a)(5), 23170, and 23171.) Others are violations of section 20001 (failing to stop at the scene of an accident involving injury or death), section 23104 (reckless driving causing bodily injury), section 2800.3 (reckless driving in evading a peace officer), Penal Code section 192 (manslaughter resulting from the operation of a motor vehicle [see §§ 13350, 13351]), section 22348, subdivision (b) (driving in excess of 100 miles per hour, with prior convictions for the same offense [see § 13355]), and section 40508, subdivisions (a) and (b) (violation of promise to appear in court or pay a fine [see § 13365]).[9]

We note that the state of the law on first offense driving under the influence cases was different in 1970, when section 41500 was enacted. (Stats. 1970, ch. 1163, § 2, pp. 2066-2067, eff. Nov. 23, 1970.) At that time, section 13352 provided that on a first conviction for driving under the

[9]We also note that section 13353.2, enacted in 1989 and effective July 1, 1990, requires the department to immediately suspend, subject to a specified administrative proceeding, the privilege to drive of any person if the person was driving with 0.08 percent or more, by weight, of alcohol in his or her blood; conduct which is also made criminal by section 23152, subdivision (b). (See *Robertson* v. *Department of Motor Vehicles* (1992) 7 Cal.App.4th 938 [9 Cal.Rptr.2d 319].)

influence "[t]he department shall immediately suspend or revoke the privilege . . . as follows (a) . . . such privilege shall be suspended for a period of six months, *unless* the court . . . *recommends no suspension.*" (Italics added.) In contrast to current law, where the department may not act unless a court orders it to do so, the former law mandated departmental action, unless a court intervened. That statutory scheme brought first offense driving under the influence cases under the ambit of subdivision (d), and excluded them from the bar to prosecution.

That was changed three years later, in a 1973 amendment to section 13352. Effective March 7, 1973, the section provided for suspension by the department on receipt of a record of conviction of driving under the influence "except for a conviction or finding described in subdivision (a) where the court does not order the department to suspend." Subdivision (a) provided that "such privilege shall be suspended for a period of six months, *if the court orders the department to suspend such privilege.*" (Stats. 1972, ch. 1129, § 2, pp. 2168-2169, italics added.) That amendment changed the statutory scheme to allow the department to act only if so ordered by the court.

Section 13352 has been amended since 1973, but the relevant provisions have not changed. In first offense driving under the influence cases which do not involve allegations that the offense occurred in a vehicle requiring a class 1 or class 2 license, the department is not required by the Vehicle Code to immediately revoke or suspend on mere receipt of notice of conviction. Section 41500, subdivision (d) does not exempt those first offense cases from the prosecution bar of section 41500.

IV

■ The prosecution argues that Penal Code section 1381 is the exclusive recourse for incarcerated individuals who wish to resolve less serious pending cases. Penal Code section 1381 allows a prisoner to demand a speedy trial of criminal matters pending at the time of his or her incarceration.[10]

In support of its argument, the prosecution again cites to the legislative history, specifically to a Department of Corrections memorandum commenting on the legislation which resulted in the enactment of section 41500. That

---

[10]The section provides, in pertinent part, "[w]henever a defendant . . . has entered upon a term of imprisonment in a state prison or . . . a county jail for a period of more than 90 days . . . and at the time of the entry upon the term of imprisonment . . . there is pending . . . any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced, the district attorney . . . shall bring the defendant to trial or for sentencing within 90 days after the person shall have delivered to said district attorney written notice of . . . his or her desire to be brought to trial."

comment indicates that the Department of Corrections assumed that section 41500 would dovetail with Penal Code section 1381, providing for dismissal for infractions where the Penal Code provides for a trial of more serious offenses. A state agency's comment cannot place a condition in the law that the Legislature does not see fit to include. Nothing in section 41500 or Penal Code section 1381 makes the sections interdependent, or limits section 41500 to infractions. In fact, although both Penal Code section 1381 and section 41500 address the disposition of charges pending against inmates, they do so in different ways. Penal Code section 1381 is a speedy trial law (*Zimmerman* v. *Superior Court* (1967) 248 Cal.App.2d 56, 61-62 [56 Cal.Rptr. 226]), and section 41500 is a bar to prosecution. Where section 41500 applies, an inmate has no need for a speedy trial. Penal Code section 1381 is not the exclusive remedy for incarcerated individuals who wish to resolve pending driving under the influence cases.

## V

■ The prosecution finds two additional limitations on the application of section 41500. First, it contends that neither Mr. Calderon nor Mr. Joseph is entitled to the benefits of section 41500, because neither sought them while in custody.

The argument misreads the statute. Section 41500 places no time limits on defendants who seek relief. It places no obligation on a defendant to seek relief at all. Instead, it bars prosecution of cases pending at time of commitment, without reference to time of release. The prosecution does not contend that Mr. Calderon's and Mr. Joseph's cases were not pending against them at the time of the commitments to the Director of Corrections. It is clear that the cases were pending at that time.

■ Second, the prosecution points to the fact that bench warrants were issued for both Mr. Calderon and Mr. Joseph on their driving under the influence cases prior to their commitment to the Director of Corrections, and argues that the pendency of the bench warrants excludes the cases from section 41500. The argument is based on a claim that in enacting section 41500 the Legislature intended to address the cases of individuals who cannot appear in court due to their incarceration. In support, the prosecution cites a statement made by the sponsor of the legislation in a letter to the Governor.

It might well be questioned whether a person whose driving under the influence case remains pending because he or she failed to appear in court should be entitled to the benefits of the exception statute. ■ But that is

a legislative decision; we can neither add a qualification that the Legislature has not imposed, nor ignore one that it has provided. (*In re Jodi B.* (1991) 227 Cal.App.3d 1322, 1328 [278 Cal.Rptr. 242].) In this case, the Legislature did not condition the application of section 41500 on timely appearances prior to commitment to the Director of Corrections.

## Disposition

There being no allegation in either complaint that the offense took place in a vehicle requiring a class 1 or class 2 license, mandate shall issue in *Joseph v. Superior Court* directing respondent court to direct the municipal court to vacate its order and dismiss case No. 90V12961.

The petition in *People* v. *Superior Court* (*Calderon*) is denied.

Woods (A. M.), P. J., and Taylor, J.,* concurred.

The petition of real party in interest People for review by the Supreme Court was denied November 25, 1992.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.