[Crim. No. 42667. Second Dist., Div. Seven. Sept. 30, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
MELVIN McCOY, Defendant and Appellant.

COUNSEL

Robert S. Gerstein, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, William R. Pounders and Robert D. Breton, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THOMPSON, J.**—Defendant Melvin McCoy appeals from the judgment of conviction of assault with intent to commit great bodily injury. (Pen. Code, § 245, subd. (a).) His sole contention on appeal is that the trial court erred in denying his motion to dismiss for a speedy trial. We conclude that defendant should have been granted a de novo hearing in superior court of his motion to dismiss and, accordingly, remand for such a hearing.

On December 21, 1979, the victim Fred Perry was shot by someone with a rifle, two days after his roommate, who was defendant's brother, was found dead in bed. The victim initially claimed that someone other than defendant shot him. One month later, on January 21, 1980, the victim, who had moved to Milwaukee, told police that defendant shot him. On February 19, 1980, the victim selected defendant's photograph out of a photographic lineup.

On March 5, 1980, a felony complaint was filed against defendant and an arrest warrant issued. Defendant was not arrested until almost a year later on February 23, 1981.

Defendant filed a motion to dismiss for lack of prosecution in the municipal court in March 1981 based on the delay in his arrest. The motion was heard and denied by Long Beach Municipal Court Judge Winston acting as a magistrate on April 21, 1981. No reporter's notes were taken of that hearing. Following a May 12 preliminary hearing defendant was bound over to superior court and an information was filed against him.

Defendant then filed in the superior court a motion to dismiss for lack of a speedy trial on grounds of prejudicial delay in filing a complaint and arresting him. The motion was accompanied by points and authorities and an affidavit.

At the October 19, 1981, hearing on the motion the defense unsuccessfully sought to present testimony by defendant's mother concerning a telephone call from the police department. The prosecutor argued that defendant was not entitled to "two bites at the apple," the mother's testimony could have been presented at the municipal court hearing and the prior denial was res judicata. The court denied the motion on grounds that (1) "the motion has heretofore been acted upon and denied;" (2) the defense evidence that was offered was "available at the time the prior motion was made" and lacked specificity; and (3) the affidavit revealed a reason for delay in defendant's arrest.[1]

This appeal followed defendant's subsequent conviction and sentence to state prison.

## DEFENDANT WAS ENTITLED TO A DE NOVO HEARING IN SUPERIOR COURT

The trial court did not afford defendant a de novo hearing in superior court of his motion to dismiss for prejudicial precomplaint and prearrest

---

[1]The court specifically ruled as follows:

"Well, the motion has heretofore been acted upon and denied.

"Number two, the affidavit does not disclose any new evidence that would have been available, that would be available that wasn't available at the time the prior motion was made.

"There is no loss of a material witness.

"The fading memory would apply equally to both sides.

"There is no indication that there is any missing evidence.

"There are only generalizations to the effect that 'The memories of my friends, co-workers, or any witnesses must certainly have failed by now.'

"There is no specifics at all.

"Thirdly, both affidavits indicate that the defendant did move during the period from the commission of the alleged crime to the date of his apprehension in that he states in paragraph 2 of the Municipal Court affidavit, 'That on or about July, 1980, I moved with my mother to our new address.'

"And a similar allegation occurs in paragraph 8 of the affidavit or declaration of the defendant in support of this motion which would explain the delay occasioned in his apprehension.

"The motion is denied."

delay. The judge obviously believed he was bound by the prior preliminary hearing in municipal court by a magistrate. While the superior court judge gave additional reasons for denying the motion, he expressly relied upon its prior denial and refused to hear proffered defense testimony on the grounds defendant had not shown unavailability of the testimony at the municipal court hearing. By affording this conclusive, or at least presumptive, weight to the magistrate's determination, the trial court failed to exercise its independent discretion.

■ The People argue that defendant was not entitled to a de novo hearing in the superior court on the merits of his claim. The People claim, without any citation of authority, that a defendant is barred from relitigating in superior court his municipal court speedy trial motion "unless new evidence is discovered and good cause shown why such additional evidence was not presented at the prior hearing." We disagree.

In *People* v. *Uhlemann* (1973) 9 Cal.3d 662, 664 [108 Cal.Rptr. 657, 511 P.2d 609], our Supreme Court held that "as the magistrate has no power to make a determination on the merits of the case before him, there is no room for the application of the doctrines of res judicata or collateral estoppel." "[T]he magistrate's authority is limited to determining whether sufficient or probable cause exists to hold the defendant for trial." (*Ibid.*) ■ Initiation of proceedings before a magistrate does not invoke the trial jurisdiction of any court. (*In re Geer* (1980) 108 Cal.App.3d 1002, 1006 [166 Cal.Rptr. 912]; see also *People* v. *Luna* (1983) 140 Cal.App.3d 788, 793 [189 Cal.Rptr. 792].) Thus, the magistrate's decision herein that there was no such delay as would require dismissal can reach no further than his limited jurisdiction and is not binding upon the superior court, which, as the trial court, has jurisdiction over the ultimate questions of guilt and innocence.

The People's attempt to distinguish *Uhlemann* on the grounds that here, unlike in *Uhlemann,* the dismissal motion was made prior to the preliminary hearing and was denied is unpersuasive. The language used by our Supreme Court in *Uhlemann* was general and unrestricted. The magistrate's authority can be no greater before the preliminary hearing than following that examination. A separate hearing on the motion prior to conducting the preliminary examination is merely one part of that preliminary process which culminates in deciding whether to bind a felony defendant over to superior court.[2]

---

[2]The People do not dispute the propriety of the motion and hearing. Indeed, they point out that while Penal Code, section 995 might also be an appropriate vehicle for raising the issue of prejudicial prosecutorial delay, the preferable procedure is a separate evidentiary hearing on a nonstatutory motion. (*People* v. *Sahagun* (1979) 89 Cal.App.3d 1, 21, fn. 10 [152 Cal.Rptr. 233].)

■ Moreover, a magistrate's ruling in favor of defendant on a motion to dismiss for prosecutorial delay does not preclude relitigating the issue in a de novo proceeding. (*People v. Godlewski* (1943) 22 Cal.2d 677, 681-682 [140 P.2d 381].) For example, the People can refile the same charges after a first dismissal of a complaint by a magistrate (*People v. Uhlemann, supra,* 9 Cal.3d at pp. 664, 666, 668, fn. 4; *People v. Godlewski, supra,* at pp. 681-682; see also *Ramos v. Superior Court* (1982) 32 Cal.3d 26, 35 [184 Cal.Rptr. 622, 648 P.2d 589]), regardless of whether the dismissal preceded or followed the preliminary hearing.

■ Accordingly, we conclude that since the doctrines of res judicata and collateral estoppel do not apply to a magistrate's postpreliminary hearing order granting a motion to dismiss criminal proceedings (*People v. Uhlemann, supra,* 9 Cal.3d 677-678) they equally do not apply to a magistrate's prepreliminary hearing order denying such a dismissal motion.

In the absence of a legislative provision prohibiting a de novo evidentiary hearing, we decline to impose such a procedural limitation on a defendant's right to raise the constitutional challenge that he was denied due process of law (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 15) by precomplaint delay (*United States v. Marion* (1971) 404 U.S. 307, 324 [30 L.Ed.2d 468, 480, 92 S.Ct. 455]; *People v. Hannon* (1977) 19 Cal.3d 588, 605 [138 Cal.Rptr. 885, 564 P.2d 1203]) or a speedy trial (Cal. Const., art. I, § 15) by additional prearrest delay. (*Scherling v. Superior Court* (1978) 22 Cal.3d 493, 504 [149 Cal.Rptr. 597, 585 P.2d 219].)

Such an opportunity to relitigate in superior court a constitutional issue previously raised in municipal court is accepted procedure with respect to suppression motions. ■ Both the defendant and the People have the express right to a de novo pretrial evidentiary hearing in the superior court after the denial or granting of a motion in the municipal court to suppress evidence as the product of an illegal search and seizure. (Pen. Code, § 1538.5, subd. (i).)

The People argue, however, that a de novo hearing of a speedy trial motion is improper because the Legislature has not created the "special statutory machinery which permits a defendant to renew his motion to suppress in the superior court." The People's premise that statutory authorization is essential is faulty.

The right of a felony defendant to litigate de novo a pretrial suppression motion in superior court following a denial of such a motion in municipal court was not created by section 1538.5, subdivision (i). That right existed prior to the 1967 enactment of section 1538.5. Under the common law

nonstatutory search and seizure suppression motion, a felony defendant could move to suppress evidence in the municipal court, renew the motion pretrial in the superior court and even litigate the issue again at trial. (See, e.g., *People* v. *Gershenhorn* (1964) 225 Cal.App.2d 122, 124 [37 Cal.Rptr. 176].)[3] Indeed, the intent and effect of section 1538.5 was to restrict, not expand, the prior procedure which had allowed search and seizure questions to be repeatedly raised in criminal proceedings. (See *People* v. *Superior Court (Edmonds)* (1971) 4 Cal.3d 605, 610 [94 Cal.Rptr. 250, 483 P.2d 1202].) ▮ Thus, there is no need for a statutory scheme to implement the procedural right to a de novo hearing on a speedy trial motion in superior court.

We therefore hold that defendant was erroneously denied his right to a de novo hearing on his motion to dismiss. Since the trial court relied on the prior determination and failed to exercise its independent discretion, it never properly resolved the factual issue of whether defendant's rights to due process and a speedy trial were violated.

We need not, however, reverse defendant's conviction outright. Defendant's only challenge to his conviction was the denial of this pretrial motion. ▮ When the validity of a conviction depends solely on an unresolved or improperly resolved factual issue which is distinct from the issue submitted to the jury, the appellate court can remand the cause for resolution of that issue at a separate postjudgment hearing. (*People* v. *Vanbuskirk* (1976) 61 Cal.App.3d 395, 405 [132 Cal.Rptr. 30]; see also *People* v. *Bustamante* (1981) 30 Cal.3d 88, 103 [177 Cal.Rptr. 576, 634 P.2d 927]; *People* v. *Ingram* (1978) 87 Cal.App.3d 832, 840-841 [151 Cal.Rptr. 239], and cases there cited.)

Accordingly, we remand the cause to the superior court with directions to hold a new evidentiary hearing. At that hearing, the trial court can determine whether defendant's constitutional rights were violated by weighing any prejudice to defendant resulting from the delay in filing the complaint and arresting him against the justification for the delay. (See *Scherling* v. *Superior Court, supra,* 22 Cal.3d 493, 505.) If it decides in favor of defendant, the court should then further order the judgment vacated and the case dismissed. If it decides in favor of the People, such finding should be accompanied by a further order that the judgment of conviction is to stand and that vacation of the judgment is denied so that defendant may seek a review of the ruling made upon the new postjudgment evidentiary hearing.

---

[3]Similarly a ruling on a pretrial common law motion to suppress illegally obtained statements is not binding on the court if the People again offer the admission or confession at trial. (*People* v. *Superior Court (Zolnay)* (1975) 15 Cal.3d 729, 734 [125 Cal.Rptr. 798, 542 P.2d 1390].)

(*People* v. *Simpson* (1973) 30 Cal.App.3d 177, 186 [106 Cal.Rptr. 254]; *People* v. *MacDonald* (1972) 27 Cal.App.3d 508, 511 [103 Cal.Rptr. 726].)

The judgment of conviction is ordered to stand but the case is remanded to the superior court for further proceedings consistent with the views expressed herein.

Schauer, P. J., and Johnson, J., concurred.