[No. B175225. Second Dist., Div. Two. Apr. 26, 2005.]

THE PEOPLE, Plaintiff and Appellant, v.
JESUS PINEDO, Defendant and Respondent.

**COUNSEL**

Steve Cooley, District Attorney, Patrick D. Moran and Matthew G. Monforton, Deputy District Attorneys, for Plaintiff and Appellant.

Imhoff and Associates, Alec Scott Rose and Jeffrey Kravitz for Defendant and Respondent.

## OPINION

**BOREN, P. J.**—The People commenced the prosecution of respondent Jesus Pinedo by filing a felony complaint alleging one count of grand theft by embezzlement. (Pen. Code, § 487, subd. (a).)[1] Before the preliminary hearing, the magistrate dismissed the felony complaint on the constitutional grounds of unreasonable preaccusation delay. The People refiled. The magistrate then dismissed the subsequent felony complaint on the grounds that the earlier order of dismissal amounted to a dismissal with prejudice precluding further prosecution and that the People had not appealed the initial order of dismissal.

On appeal from the second order of dismissal, the People contend that there was no bar to refiling and that the initial order of dismissal was erroneous.

We find the contentions lack merit, and we affirm the order under review.

### FACTS

In March 2000, General Woods and Veneers Corporation (General Woods) discovered an embezzlement by one of its employees, Daniel Kirwin.[2] Respondent was a contractor who was a customer of General Woods. The company controller had directed Kirwin not to make further deliveries to respondent and his company, Greystone Sash and Door (Greystone). Kirwin ignored the order and authorized further deliveries of $83,000 worth of mahogany to respondent. To assist in hiding the deliveries from General Woods, Kirwin created an account for a fictitious entity, Majestic Millworks. Respondent and his business partner never paid General Woods for the $83,000 worth of mahogany that they had obtained from the corporation.

The Frauds Division of the Office of the Los Angeles District Attorney investigated the embezzlement. Their investigator discovered that between August 1999 and January 2000, Greystone had issued Kirwin a series of checks for consulting fees that totaled approximately $11,000.

In 2000, General Woods sued respondent and his business partner for $83,000. In 2001, the parties settled the lawsuit.

---

[1] Unless otherwise specified, all further statutory references are to the Penal Code.

[2] Kirwin was charged as a codefendant in the initial felony complaint. He is not a party to this appeal or a party to the dismissal orders.

On July 1, 2003, the People filed the initial felony complaint. (Case No. VA077340.) They alleged a theft by embezzlement occurring between April 1, 1999, and April 1, 2000. Before the preliminary hearing, respondent filed a motion to dismiss the felony complaint on the grounds that the statute of limitations had run and on grounds of unreasonable preaccusation delay.

On October 15, 2003, the magistrate denied the motion insofar as it complained that the statute of limitations had run. However, after a full hearing with witness testimony on the claim of unreasonable preaccusation delay, the magistrate concluded that respondent had suffered actual prejudice and that the delay was not explained by the People. She dismissed the felony complaint on due process grounds. The People did not seek appellate review.[3]

On November 7, 2003, the People again filed the charge of theft by embezzlement in a new felony complaint (the instant case, No. VA079378). Respondent moved to dismiss, complaining that the prior order precluded all further prosecution. He cited such decisions as *Strunk v. United States* (1973) 412 U.S. 434 [37 L.Ed.2d 56, 93 S.Ct. 2260], and *United States v. Marion* (1971) 404 U.S. 307 [30 L.Ed.2d 468, 92 S.Ct. 455], to support his motion. He argued that the magistrate's initial dismissal order was a final order terminating the prosecution, subject only to a successful appeal of the ruling.

The People's response was threefold: (1) they claimed that they were entitled to refile the felony complaint because the evidence did not support the magistrate's finding of actual prejudice; (2) the constitutional bar to refiling referred to in *Crockett v. Superior Court* (1975) 14 Cal.3d 433 [121 Cal.Rptr. 457, 535 P.2d 321], and *People v. Hernandez* (1992) 6 Cal.App.4th 1355 [8 Cal.Rptr.2d 324], was mere dicta; and (3) they had discovered further evidence on the motion that refuted the defense claim of prejudice. The People did not mention Proposition 8 in response or during oral argument on the motion.

On January 16, 2004, the magistrate initially denied the defense motion. But then the magistrate agreed to reconsider.

On March 19, 2004, the magistrate dismissed the instant felony complaint on the ground that her earlier order had precluded further prosecution and was a final order terminating the prosecution. The magistrate explained as

---

[3] On December 15, 2003, the 60-day period elapsed for filing an appeal from the order of October 15, 2003.

follows. "I've read everything this time, and I can just tell you my tentative and then I'll let the side that doesn't agree argue my tentative. [¶] . . . Once I dismiss [the felony complaint] for [a] violation of speedy trial rights[,] there cannot be a refiling. I don't think after the fact you can bring in evidence to fix that. I think you had your chance and that's it." The magistrate also indicated that if there was a finding of a violation of due process, "that should be the end of it."

The prosecutor urged that the People were not asking for reconsideration of the earlier ruling so as to "fix[] it after the fact." The prosecutor said that the People had properly refiled the felony complaint pursuant to section 1387 and argued that the People were permitted "two bites at the same apple."

The magistrate pointed out that the People had had a full and fair opportunity to litigate the due process issue prior to the initial dismissal and reiterated that the dismissal order was final and precluded further prosecution.

The People filed a timely appeal from the order of March 19, 2004.

## DISCUSSION

The People's contentions amount to a claim there is no constitutional limitation on their discretion to refile a felony complaint after a dismissal on these speedy trial-due process grounds. We disagree.

The People claim that the magistrate's initial order was legally erroneous. We decline in this appeal to reach the merits of the initial order of dismissal—the validity of that order is outside the scope of this appeal. The People had every opportunity to litigate the merits of that motion and to appeal from that order. However, they failed to appeal. The initial dismissal order is now final and presumptively correct. (Cf. *In re Crow* (1971) 4 Cal.3d 613, 622–623 [94 Cal.Rptr. 254, 483 P.2d 1206].)[4]

■ The People also urge that refiling is permitted because there is no statutory or double jeopardy limitation on their charging discretion. We agree

---

[4] We also have an incomplete appellate record with respect to the earlier dismissal. The record has not been augmented to include the motion to dismiss in case No. VA077340 or the People's response to the motion, and we have no docket sheet documenting the dismissal.

that the statutory limitations on refiling found in section 1387 do not address any constitutional limitations on the People's charging discretion. However, the United States Supreme Court determined by its decision in *Strunk v. United States, supra,* 412 U.S. at pages 439 to 440, that the sole remedy for a violation of a defendant's right to a speedy trial is a dismissal with prejudice. Similarly, when the United States Supreme Court settled in its decisions in *United States v. Marion, supra,* 404 U.S. at page 324, and *United States v. Lovasco* (1977) 431 U.S. 783, 788–789 [52 L.Ed.2d 752, 97 S.Ct. 2044], that a defendant has due process protection from unreasonable preaccusation delay, the court assumed, without any further discussion, that the same remedy applied to dismissals on due process grounds.

Indeed, in discussing an appeal of the dismissal order, in *United States v. Marion, supra,* 404 U.S. at page 312, the court indicated that the motion to dismiss was a " 'motion in bar.' " It acknowledged that the pretrial dismissal there "was beyond the power of the Government to cure since re-indictment would not have been permissible under such a ruling." (*Ibid.*) The court also characterized the motion to dismiss as follows: "The motion to dismiss rested on grounds that had nothing to do with guilt or innocence or the truth of the allegations in the indictment but was, rather, a plea in the nature of confession and avoidance, that is, where the defendant does not deny that he has committed the acts alleged and that the acts were a crime, but instead pleads that he cannot be prosecuted because of some extraneous factor, such as the running of the statute of limitations or the denial of a speedy trial." (*Marion,* at p. 312.)

Based on the above authority and the California dicta in *Crockett v. Superior Court, supra,* 14 Cal.3d 433, we conclude that a dismissal, even by a magistrate, on this due process ground terminates the proceedings and is an order that must be appealed or it becomes final. In *Crockett,* the California Supreme Court addressed the operation of the statutory provisions that supplement a defendant's constitutional right to a speedy trial, e.g., section 1381. In finding a pretrial dismissal on statutory grounds was no bar to refiling, the court said: "Section 1387 provides that an order of dismissal of a criminal charge is not 'a bar to any other prosecution for the same offense . . . if it is a felony.' Included in such orders of dismissal are those granted by reason of the fact that the defendant was not brought to trial within statutory time limits. Although the right to a speedy trial is grounded in both the United States and California Constitutions [citations], the timely refiling of

charges once dismissed for denial of a speedy trial has been deemed constitutionally permissible absent a showing by the accused of actual prejudice. [Citations.]" (*Crockett v. Superior Court, supra,* 14 Cal.3d at p. 437.)

The California Supreme Court in *Crockett* considered the constitutional speedy trial right there in the context of violation of California statutes that provide specific time periods within which prosecutions must proceed. But the Supreme Court left little doubt that it accepts the well-established principle that a dismissal on due process grounds for preaccusation delay, where prejudice to the defendant is demonstrated, bars further criminal proceedings. In footnote 8 of the *Crockett* decision, the court specifically noted that where "such a delay has resulted in prejudice to a defendant . . . the refiled charges must be dismissed on federal constitutional grounds." (*Crockett v. Superior Court, supra,* 14 Cal.3d at p. 440, fn. 8; see also *People v. Hernandez, supra,* 6 Cal.App.4th at p. 1359 ["a defendant who has obtained a *statutory* dismissal can only resist a refiling of the charges by showing prejudice; however, if the defendant has already made this showing, section 1387 does not permit refiling"].)

The People argue that they are entitled to refile a case dismissed on these constitutional grounds, and they cite the decision in *People v. Uhlemann* (1973) 9 Cal.3d 662 [108 Cal.Rptr. 657, 511 P.2d 609]. In *Uhlemann,* the California Supreme Court addressed whether a magistrate can make a binding factual finding that precludes refiling. In that context, the court held that "as the magistrate has no power to make a determination on the merits of the case before him, there is no room for the application of the doctrines of res judicata or collateral estoppel." (*Id.* at p. 664.)

We agree that a defendant's protection against double jeopardy is not at issue here. We conclude that it is the state and federal due process clauses that limit the People's discretion to refile. (Cf. *Wayte v. United States* (1985) 470 U.S. 598, 608 [84 L.Ed.2d 547, 105 S.Ct. 1524] ["[A]lthough prosecutorial discretion is broad, it is not ' "unfettered." Selectivity in the enforcement of criminal laws is . . . subject to constitutional constraints.' "]; see *In re Crow, supra,* 4 Cal.3d at p. 623 [finding social policy underlying res judicata and the "high purpose" of habeas corpus relief to warrant a rule barring the relitigation of issues].) Moreover, the courts (we include California magistrates in this term) have the inherent power to limit prosecutorial filing discretion whenever it is used in a way that is oppressive and

unconstitutional. (E.g., *People v. Uhlemann, supra,* 9 Cal.3d at p. 669; see also *Landrum v. Superior Court·*(1981) 30 Cal.3d 1, 14–15 [177 Cal.Rptr. 325, 634 P.2d 352] [overruling *People v. Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], which held that a magistrate's judicial powers were severely limited by statute]; *Gray v. Municipal Court* (1983) 149 Cal.App.3d 373 [196 Cal.Rptr. 808].)

Also, *People v. Uhlemann, supra,* 9 Cal.3d 662 [108 Cal.Rptr. 657, 511 P.2d 609], and the other cases that the People cite to support their claim do not address dismissals of a felony complaint on constitutional grounds. Consequently, we find these cases of no assistance in settling the issue at hand. (See, e.g., *Schlick v. Superior Court* (1992) 4 Cal.4th 310, 312 [14 Cal.Rptr.2d 406, 841 P.2d 926] [dismissal of a felony complaint on grounds of insufficient evidence after a magistrate's ruling on a § 1538.5 motion]; *People v. Prewitt* (1959) 52 Cal.2d 330, 340 [341 P.2d 1] [the same]; *People v. McCoy* (1983) 147 Cal.App.3d 638, 642 [195 Cal.Rptr. 285] [as in *Crockett,* the court held that a dismissal by reason of a denial of a speedy trial on statutory grounds does not preclude refiling].)

█ The People might complain that permitting dismissals with prejudice on constitutional grounds so early in the proceedings is unfair, especially as prosecutors at this stage are often scrambling to get ready and are genuinely unaware of the full impact of their evidence. However, magistrates and trial courts have ample discretion to accommodate the preparation needs of the People. Under existing law, the magistrate and the trial court have discretion to defer consideration of a motion to dismiss on these grounds until immediately before or after trial where the People are not ready on the motion or where the evidence on the motion is uncertain. (*People v. Archerd* (1970) 3 Cal.3d 615, 641 [91 Cal.Rptr. 397, 477 P.2d 421]; *People v. Abraham* (1986) 185 Cal.App.3d 1221, 1225–1226 [230 Cal.Rptr. 325].) As the decision in *Abraham* points out, where the loss of evidence is easily quantified and there is no need for a further delay, the defendant should be able to obtain a dismissal at the earliest possible time to avoid any further oppression and harassment beyond that he has already suffered by an unjustifiable delay. (*Abraham,* at pp. 1225–1226.) The People have no grounds to complain that the magistrate held the hearing here without giving them an opportunity to prepare. The magistrate questioned the prosecutor about his readiness before hearing the motion, and the prosecutor insisted that he needed no further time to prepare and that they proceed on the motion.

## DISPOSITION

The order under review is affirmed.

Doi Todd, J., and Nott, J.,* concurred.

A petition for a rehearing was denied May 17, 2005, and on May 26, 2005, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied August 10, 2005. Werdegar, J., did not participate therein.

---

*Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.